[No. S066874. Dec. 28, 1998.]

MARY KOBZOFF et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY HARBOR/UCLA MEDICAL CENTER et al.,
Defendants and Respondents.

**COUNSEL**

Devirian, Utley & Detrick and Brian S. Detrick for Plaintiffs and Appellants.

Torres & Brenner, Leonard Torres; Pollak, Vida & Fisher, Girard Fisher and Daniel P. Barer for Defendant and Respondent County of Los Angeles.

John Sanford Todd for City of Lakewood as Amicus Curiae on behalf of Defendants and Respondents.

Richards, Watson & Gershon and Anthony B. Drewry for 97 California cities, the California Joint Powers Insurance Authority, the California Joint Powers Risk Management Authority and the California State Association of Counties as Amici Curiae on behalf of Defendant and Respondent County of Los Angeles.

**OPINION**

**CHIN, J.**—Code of Civil Procedure section 1038 allows certain defendants, including public entities, to recover the costs of defending frivolous civil actions under the California Tort Claims Act (Tort Claims Act) if the court determines the proceeding was not brought "with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law. . . ."[1] (Code Civ. Proc., § 1038, subd. (a).)[2] Here we resolve a conflict in the Courts of Appeal over whether a lack of either reasonable cause or good faith alone is sufficient to sustain a section 1038, subdivision (a), award, or whether *both* elements must be lacking. After reviewing the statute and pertinent case law, we conclude applicable defendants may recover defense costs under section 1038 if the trial court finds the plaintiffs lacked *either* reasonable cause or good faith in filing or maintaining the lawsuit.

---

[1] The "good faith" and "reasonable cause" requirements pertain not only to the action's initiation, but also its continued maintenance. (*Curtis* v. *County of Los Angeles* (1985) 172 Cal.App.3d 1243, 1252 [218 Cal.Rptr. 772] (*Curtis*).)

[2] All statutory references are to the Code of Civil Procedure unless otherwise noted.

### Factual and Procedural History

The facts are essentially uncontested. On October 31, 1993, emergency personnel prevented David Peter Kobzoff from jumping off a cliff. They took him to Los Angeles County Harbor/UCLA Medical Center, operated by the defendant County of Los Angeles and its department of health services (collectively, the County).[3] He was to be held for 72 hours under Welfare and Institutions Code section 5150. At 2:30 p.m., hospital staff allowed him to use the bathroom in an area that was neither secured nor supervised. Kobzoff left the hospital and dove in front of a truck, which struck and killed him.

Mary and Peter Kobzoff and David Peter Kobzoff's estate (plaintiffs) filed this action against the County, alleging medical malpractice, lack of informed consent, and negligence. The County answered the complaint, asserting its immunity under several Government Code sections, including section 856.2, subdivision (a)(2), providing immunity for the injury or death of an escaping mental patient.

The County then moved for summary judgment on statutory immunity grounds after plaintiffs refused its request to dismiss the case voluntarily. The County also filed a section 1038 motion and a memorandum of costs requesting $9,129.89 in attorney fees and costs, claiming that plaintiffs had maintained the action without reasonable cause because they knew early in the litigation that the County was immune from liability under the Tort Claims Act.

Plaintiffs opposed both motions but failed to cite adequate authority to support their case or to refute the County's immunity claim. The trial court granted summary judgment for the County, ruling that in light of the County's statutory immunity and cases interpreting that immunity, plaintiffs lacked reasonable cause to maintain the action. In granting the section 1038 motion, the court specifically noted that plaintiffs knew of and never disputed any of the facts serving as the basis for the County's immunity. The court also observed that plaintiffs repeatedly discussed the immunity with the County's counsel, but chose to ignore its effect on the action. The County never claimed, and the trial court never ruled, that plaintiffs filed or maintained the action in bad faith.

On appeal, plaintiffs challenged only the section 1038 award. The Court of Appeal noted that the sole issue was whether section 1038 costs were

---

[3]The County is a public entity within the meaning of the Tort Claims Act. (Gov. Code, § 811.2.)

properly awarded to the County. The court observed that the issue's resolution depended on "whether, in order to be charged with defense costs under section 1038, a plaintiff must proceed without reasonable cause *and* in bad faith, or if the absence of one or the other of these two factors will suffice."

The Court of Appeal reversed the trial court's judgment awarding costs to the County.[4] After implicitly agreeing with the trial court that plaintiffs' claim lacked reasonable cause, the Court of Appeal remanded the case to the trial court for further factual findings on "the issue of plaintiffs' bad faith in bringing and maintaining the action."

The Court of Appeal reasoned that the Legislature intended to require a court making a section 1038 award to find that the plaintiff lacked both reasonable cause and good faith in bringing or maintaining the action, and that the lack of good faith amounted to malice, the same standard we imposed for "disfavored" malicious prosecution awards. (See *Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871-872 [254 Cal.Rptr. 336, 765 P.2d 498] (*Sheldon Appel*) [malicious prosecution plaintiff must show defendant commenced prior action, pursued it to a legal termination in plaintiff's favor, and brought it without probable cause and with malice].) The court concluded that "section 1038 was intended to provide public entities with a mechanism for recovering malicious prosecution damages when claims brought without probable cause *and* without good faith are disposed of on summary judgment." We granted the County's petition for review.

We conclude the Court of Appeal erred. As we explain, section 1038's language persuades us that the trial court may award section 1038 costs if it finds plaintiffs brought or maintained their action without either good faith or reasonable cause. Here, the trial court acted well within its discretion in awarding the County the section 1038 fees, because plaintiffs lacked reasonable cause in maintaining their action notwithstanding the County's clear statutory immunity. We therefore reverse the Court of Appeal judgment.[5]

---

[4]The Court of Appeal did not address plaintiffs' claims that the trial court erred in calculating the section 1038 costs and in erroneously or inadvertently imposing the costs on their counsel. Because the Court of Appeal did not reach these issues, they are best considered on remand if the plaintiffs choose to raise them again following our judgment.

[5]Because the County did not rely on a lack of good faith as a basis for its section 1038 motion, we do not address the statute's good faith element in this opinion.

DISCUSSION

A. *Section 1038*

As part of the Tort Claims Act, public entities such as the County are specifically immune from liability for "[a]n injury to, or the wrongful death of, an escaping or escaped person who has been confined for mental illness or addiction." (Gov. Code, § 856.2, subd. (a)(2); see *Forde* v. *County of Los Angeles* (1976) 64 Cal.App.3d 477, 479 [134 Cal.Rptr. 549] (*Forde*) [applying statutory immunity for patient's injury following escape from county hospital].) In 1980, the Legislature enacted section 1038, which, as amended in 1989, provides in part: "(a) In any civil proceeding under the California Tort Claims Act or for express or implied indemnity or for contribution in any civil action, the court, upon motion of the defendant . . . shall, at the time of the granting of any summary judgment, . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . . If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party [see, e.g., § 1032 (defining prevailing party in general)]."[6]

Section 1038 authorizes the defendants or cross-defendants to recover reasonable costs after prevailing on a dispositive motion (i.e., summary judgment, directed verdict, nonsuit, judgment before presentation of defense evidence, or other motion in an action for indemnity or contribution). (§ 1038, subds. (a), (c).) A defendant may not recover section 1038 costs simply because it won a summary judgment or other dispositive motion; victory does not per se indicate lack of reasonable cause. (See *Ford Motor Co.* v. *Schultz* (1983) 147 Cal.App.3d 941, 951 [195 Cal.Rptr. 470] (*Ford Motor*).) That victory is simply the first step. Following the court's determination of the dispositive motion, and before the court discharges the jury or enters the requisite judgment, the defendant must also make a motion for defense costs, as the statute directs, alleging that the plaintiff did not bring or maintain the proceeding in "good faith" and with "reasonable cause."

---

[6]The 1989 amendment to section 1038, subdivision (a), substituted "justifiable" for "justiciable" in the first sentence and added the third sentence. (Stats. 1989, ch. 1416, § 27, pp. 6236-6237.)

(§ 1038, subds. (a), (c).) An award of defense costs may be made only on notice and an opportunity to be heard, and the court determines section 1038 liability as a matter of law. (§ 1038, subd. (a).) In seeking section 1038 costs, the defendant waives its right to malicious prosecution damages, to the extent the right exists, although the failure to make the motion will not be deemed a waiver of the right to pursue a malicious prosecution action. (§ 1038, subd. (c).)

The section 1038 proceeding was not always a summary one. In its original version, section 1038, subdivision (a), directed the "fact finder" to decide whether the action was brought with "reasonable cause" and in "good faith." Under section 1038, subdivision (b), the trial court could "direct a separate trial at the conclusion of the proceeding on the issue of defense costs." (Stats. 1980, ch. 1209, § 1, p. 4089.) The 1986 amendment to section 1038, however, directed "the court," rather than the "fact finder" to determine whether the statutory elements were present, and eliminated the court's power to order a separate trial on the question. (Stats. 1986, ch. 377, § 18, p. 1581.)

In the Tort Claims Act context, the statute provides public entities (which, since 1983, have been constitutionally proscribed from filing malicious prosecution actions) and other specified defendants with a way to recover the costs of defending against unmeritorious and frivolous litigation. (*Curtis, supra,* 172 Cal.App.3d at p. 1247; see *City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527 [183 Cal.Rptr. 86, 645 P.2d 137], judg. vacated and cause remanded (1983) 459 U.S. 1095 [103 S.Ct. 712, 74 L.Ed.2d 943], reiterated (1983) 33 Cal.3d 727 [190 Cal.Rptr. 918, 661 P.2d 1072] [public entity action for malicious prosecution is proscribed by the state and federal constitutional right to petition governments for redress].)

The meaning of "reasonable cause" has been the subject of some debate, but most courts do agree on its general interpretation. Several courts have found instructive the definition of "probable cause" in the malicious prosecution context. (See *Sheldon Appel, supra,* 47 Cal.3d at p. 881).) The terms "reasonable cause" and "probable cause" are generally considered synonymous, with "reasonable cause" defined under an objective standard as " 'whether any reasonable attorney would have thought the claim tenable.' " (*Carroll* v. *State of California* (1990) 217 Cal.App.3d 134, 141 [265 Cal.Rptr. 753] (*Carroll*), quoting *Sheldon Appel, supra,* 47 Cal.3d at p. 886.) Another court stated, "*Reasonable cause* is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action." (*Knight* v. *City of Capitola* (1992) 4 Cal.App.4th 918, 932 [6 Cal.Rptr.2d 874], original italics (*Knight*).)

Reasonable cause is often found lacking in cases in which the public entities show they did not own or operate the injury site. (See, e.g., *Knight, supra,* 4 Cal.App.4th at p. 933; see also *Carroll, supra,* 217 Cal.App.3d at p. 143.) As *Knight* observed, "The easy case for lack of reasonable cause is one in which the plaintiff (and thus his or her attorney) can be shown to have been aware that an element of the cause of action was missing." (*Knight, supra,* 4 Cal.App.4th at p. 933.) "If a legislative purpose to protect public entities from meritless claims is to be served, a plaintiff must bear a burden of investigation sufficient to establish at least a basis for reasonable belief that all elements exist. Abstract hope is not reasonable belief: Under section 1038 a plaintiff who lacks even the basis for a reasonable belief in the existence of all essential elements of his or her claim cannot simply name every conceivable defendant and rely on what future discovery may turn up." (*Id.* at pp. 933-934.)

Before the present case, the Courts of Appeal had *assumed* a defendant might recover section 1038 costs if the trial court found the plaintiff lacked either reasonable cause or good faith in bringing or maintaining the action. (See *Knight, supra,* 4 Cal.App.4th at p. 931; *Carroll, supra,* 217 Cal.App.3d at p. 143; see also *Hall* v. *Regents of University of California* (1996) 43 Cal.App.4th 1580, 1585 [51 Cal.Rptr.2d 387] (*Hall*).) Here, the County relies on *Knight, Carroll,* and *Hall* to assert that a finding of lack of reasonable cause alone will support its request for section 1038 costs in this case. These cases are instructive in that they apparently rely on the statute's plain language.

For example, the plaintiff in *Knight,* a bodysurfer who was injured on a public beach, sued the county in which the accident occurred. The county neither owned nor controlled the accident site. (*Knight, supra,* 4 Cal.App.4th at p. 930.) *Knight* upheld a section 1038 cost award after the county succeeded on a summary judgment motion, concluding that "a defendant who can meet the procedural criteria of section 1038 need only show *either* that the plaintiff did not act in good faith *or* that the plaintiff lacked reasonable cause for the action." (*Knight, supra,* 4 Cal.App.4th at pp. 931-932, original italics.)

In concluding that the plaintiff lacked reasonable cause in filing the action, *Knight* reasoned that the case lacked an "indispensable factual element" because "[t]he county neither owned nor controlled the beach at the time of the accident." (*Knight, supra,* 4 Cal.App.4th at p. 933.) The court observed that "the question whether the evidence was sufficient to sustain the trial court's inference of bad faith would be close but we need not reach

it, because it is apparent to us that as a matter of law Knight lacked reasonable cause to file or maintain an action against the county." (*Id.* at p. 932.)

*Carroll*'s facts are similar to *Knight*'s. In both actions, the plaintiffs were injured on public property and sued three governmental entities for their injuries: the city, county, and state. In each case, the county and state informed the plaintiffs they neither owned nor controlled the accident sites. In both cases, the plaintiffs effectively conceded that they lacked reasonable cause to pursue the actions against those defendants. In *Carroll,* the trial court awarded both the county and state their costs under section 1038, after finding "nothing in the record that even hints that [the plaintiffs] had any facts upon which to base a good faith belief or reasonable cause that either the County or the State" owned or operated the intersection that was the accident site. (*Carroll, supra,* 217 Cal.App.3d at p. 143.)

The *Carroll* court did not specifically consider whether section 1038 provided two separate bases for a defense cost award, that is, bad faith *or* lack of reasonable cause. Rather, the *Carroll* parties simply acknowledged that the action must be brought and maintained in "good faith" and with "reasonable cause" under section 1038. The *Carroll* court concluded it was not. (*Carroll, supra,* 217 Cal.App.3d at p. 143.) Although *Carroll* does use the word "or" in referring to the two statutory elements, any separation of those two elements for analytical purposes was unnecessary to the opinion because the court concluded both elements were lacking.

*Carroll* observed that "[a]t the minimum, [reasonable cause] requires that the [p]laintiffs' attorney have some articulable fact or facts to conclude that a particular person or entity should be *initially* included in the lawsuit as a party-defendant. Not only did [p]laintiffs fail to present any basis to the trial courts of State or County 'control' in or near the intersection in dispute, but a review of the discovery record indicates that [p]laintiffs never raised the question of adjacent property 'owned or controlled' by the County or State during the course of this litigation." (*Carroll, supra,* 217 Cal.App.3d at p. 142, fn. omitted.)

*Carroll* also observed that the plaintiffs had repeated notice that the county had no control over the intersection where the accident occurred. "The record is replete with valid demands by both defendants at an early stage of the proceedings that they be dismissed as improper parties to the lawsuit. Those demands fell on deaf ears. The County had assured [p]laintiffs' counsel before the complaint was filed that it had no control over the intersection." (*Carroll, supra,* 217 Cal.App.3d at p. 143.)

Like *Knight* and *Carroll*, the *Hall* court also awarded section 1038 costs. (*Hall, supra,* 43 Cal.App.4th at p. 1583.) Hall sued the Regents of the University of California for medical malpractice by University of California at Davis Medical Center (UCDMC), alleging that UCDMC unreasonably delayed in informing her that she had tested negative for the human immunodeficiency virus. The court found Hall failed to show reasonable cause for maintaining her action after her counsel admitted that Hall's expert's testimony at deposition exonerated UCDMC. (*Hall, supra,* 43 Cal.App.4th at p. 1586.) Hall's counsel admitted the expert "finished off" Hall's case, but he chose to keep the Regents in the case until summary judgment solely for tactical reasons. (*Id.* at pp. 1584-1585.) The trial court denied the section 1038 motion, concluding that tactical reasons regarding the "empty chair" defense provided reasonable cause for maintaining the action. (*Hall, supra,* 43 Cal.App.4th at p. 1585.)

In concluding "Hall's tactical concerns did not constitute reasonable cause as a matter of law" (*Hall, supra,* 43 Cal.App.4th at p. 1586), the *Hall* court observed that "the recognized purpose of section 1038 is to discourage frivolous lawsuits by allowing blameless public entities to recover their defense costs. [Citation.] That the plaintiff may have her own legitimate tactical reasons for keeping the public entity in the lawsuit does not make the underlying claim against a public entity any less frivolous. Nor does it justify requiring the public entity to finance plaintiff's choice of litigation tactics." (*Id.* at p. 1587.)

The Court of Appeal in this case believed that *Hall* was not a "reasonable cause" case, and that "Hall's argument that she should not be subject to defense costs because she had a good reason for keeping the Regents in the case went to the issue of her good faith, and not to the issue of reasonable cause." The Court of Appeal agreed, however, with *Hall*'s "conclusion that the Regents were entitled to their defense costs because the record established as a matter of law a lack of both good faith and reasonable cause."

B. *Statutory Interpretation*

■ Why have the prior cases interpreting section 1038 nearly unanimously presumed defendants may recover the statutory fees and costs if the trial court finds a lack of reasonable cause *or* a lack of a good faith belief that the case is justified? The answer lies in the statute's plain meaning, which is clear and unambiguous. ■ Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. (*Dyna-Med, Inc.* v. *Fair Employment &*

*Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) We must look to the statute's words and give them their usual and ordinary meaning. (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].) The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. (*Ibid.*)

▮ Notwithstanding section 1038's clarity, plaintiffs assert that, because the statute initially requires the trial court to determine whether they acted with reasonable cause and in the good faith belief that the law and facts stated a justifiable controversy, the statute requires that both be lacking as a prerequisite to an award of fees and costs.

We cannot agree. The Legislature's use of the word "and" shows it intended courts to construe in the conjunctive the two requirements for bringing or maintaining the action in "good faith" and "with reasonable cause." (*Santos* v. *Dondero* (1936) 11 Cal.App.2d 720, 723 [54 P.2d .764] (*Santos*).) In construing the plain meaning of a statute, the "ordinary usage of 'and' is to condition one of two conjoined requirements by the other, thereby causally linking them. If, for example, it is said: 'If you leave the gate unlatched and the dog gets out you will be punished,' it likely means that no punishment attaches if the gate is left open but the dog escapes by digging a hole under the fence." (*People* v. *Butcher* (1986) 185 Cal.App.3d 929, 940 [229 Cal.Rptr. 910] (*Butcher*).) "Use of the conjunction 'and' in [one statute] indicates a contrasting meaning to [another statute's] disjunctive 'or.' In the former the public entity must act after both events occur, and in the latter either event allows an action." (*Kray Cabling Co.* v. *County of Contra Costa* (1995) 39 Cal.App.4th 1588, 1593 [46 Cal.Rptr.2d 674] (*Kray Cabling*).)

Construed literally, the statute quite clearly indicates plaintiffs must not only bring (or maintain) their action "with reasonable cause," but must also bring (or maintain) it "in the good faith belief that there [is] a justifiable controversy under the facts and law." (§ 1038, subd. (a); see *People* v. *Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [requiring courts to consider statute as a whole].)

The statute then states that if the court determines "the proceeding was not brought in good faith and with reasonable cause," it shall render judgment (i.e., reasonable defense costs) in favor of the party opposing the original proceeding (the County here), "in addition to those costs normally awarded to the prevailing party," once it determines "the defense costs

reasonably and necessarily incurred by the party or parties opposing the proceeding." (§ 1038, subd. (a).) In selecting the construction that comports most closely with the apparent legislative intent, the use of "and" in this section, when considered in light of the first conjunctive phrase, indicates that the Legislature intended that plaintiffs bring or maintain lawsuits *both* with reasonable cause *and* in good faith. Neither the context nor the language used in section 1038 justifies giving to the word "and" a disjunctive construction. (See *Santos, supra,* 11 Cal.App.2d at p. 723.)[7]

Thus, before denying a section 1038 motion, a court must find the plaintiff brought or maintained an action in the good faith belief in the action's justifiability and with objective reasonable cause. (*Ramsey* v. *City of Lake Elsinore* (1990) 220 Cal.App.3d 1530, 1540 [270 Cal.Rptr. 198]; see also *Butcher, supra,* 185 Cal.App.3d at p. 940 [conjunction "and" implies that both conditions must be fulfilled for action to occur].) The statute's inescapable plain meaning supports the prior Court of Appeal decisions. (See, e.g., *Hall, supra,* 43 Cal.App.4th at p. 1585; *Knight, supra,* 4 Cal.App.4th at pp. 931-932; *Carroll, supra,* 217 Cal.App.3d at p. 140.) What confusion does exist in interpreting the statute likely resulted because courts have often used both terms interchangeably, inferring a lack of good faith from a finding that the lawsuit was brought or maintained without reasonable cause.

Plaintiffs contend that *Rink* v. *City of Cupertino* (1989) 216 Cal.App.3d 1362, 1369 [265 Cal.Rptr. 404] (*Rink*) holds that if a plaintiff proceeds with a lawsuit in good faith alone, a court may not award section 1038 costs. Plaintiffs misstate *Rink*'s holding. In finding the trial court did not abuse its discretion in denying the public entity's request for section 1038 costs, *Rink* simply observed that the plaintiffs' case was brought with reasonable cause and that there was "no evidence of lack of good faith in submitting the issue to court for judicial resolution." (*Rink, supra,* 216 Cal.App.3d at p. 1369.) *Rink* is consistent with section 1038, subdivision (a), in demonstrating that a court may not award section 1038 fees in cases brought with reasonable cause and in the good faith belief in the action's justifiability.

Plaintiffs' reliance on *Ford Motor* is similarly misplaced. In affirming the trial court's denial of a section 1038 motion, *Ford Motor* observed that the plaintiff filed an indemnity action with reasonable cause and in good faith, even though the defendant received a favorable ruling on her summary

---

[7]Because the statutory language itself resolves the question presented here, and the statute presents no underlying ambiguity, we deny the County's request to take judicial notice of excerpts from a Legislative Intent Service report attached to its petition for rehearing in the Court of Appeal.

judgment motion. (*Ford Motor, supra,* 147 Cal.App.3d at p. 951.) *Ford Motor* simply followed the statutory mandate that "the mere granting of [a summary judgment] motion does not effect entitlement to such costs." (*Ibid.*)

Plaintiffs also assert that, even if section 1038 permits a defendant to show lack of either reasonable cause or good faith, the statute does not apply to them because section 1038 is "aimed at the litigant who sues with no factual basis." Plaintiffs contend that we can distinguish this case from prior cases in which the trial court properly granted section 1038 motions because "it was undisputed the County was clearly factually responsible."

Whatever the supposed merits of the underlying claim, however, plaintiffs had no cause of action against the County because Government Code section 856.2, subdivision (a)(2), absolutely protects the County from suit, notwithstanding plaintiffs' evidence that professional malpractice may have contributed to David Peter Kobzoff's escape. (See *Forde, supra,* 64 Cal.App.3d at p. 481.) No reasonable plaintiffs, without some additional legal basis for the action, would maintain a suit against a defendant protected by the conclusive statutory immunity. (See *id.* at pp. 479-481.) Thus, regardless of the alleged factual strength of plaintiffs' case, section 1038 allows defendants to recover costs when plaintiffs had no reasonable cause for filing or maintaining the action. (§ 1038; *Knight, supra,* 4 Cal.App.4th at p. 933; see also *Kray Cabling, supra,* 39 Cal.App.4th at p. 1593 [conjunction "and" indicates both elements are required].) In light of the County's indisputable immunity, plaintiffs' decision to pursue the action against it notwithstanding that immunity was unreasonable as a matter of law.

Plaintiffs also contend that allowing the County to recover costs after proving the absence of only one statutory element effectively chills actions to modify or extend existing law. But plaintiffs fail to provide support for this claim. Under section 1038, a reasonable and good faith attempt to change or modify existing law should not result in a section 1038 award to the defendant. Plaintiffs' lawsuit, however, was not aimed at modifying existing law. It simply sought damages for wrongful death against a defendant entitled to a legislatively drawn statutory immunity that plaintiffs did not challenge. In light of these facts and the County's undisputed immunity, only the Legislature could modify or extend the existing law. If the burden on plaintiffs suing public entities subject to statutory immunities proves too onerous, the Legislature can always modify the law.

## CONCLUSION

We conclude section 1038 permits trial courts to award defendants their costs and fees on a finding that plaintiffs did not bring or maintain the action

either with reasonable cause or in the good faith belief in a "justifiable controversy under the facts and law." (§ 1038, subd. (a).) Because the trial court here found that plaintiffs maintained their action without reasonable cause, we reverse the Court of Appeal judgment and remand for proceedings consistent with this opinion.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J., and Brown, J., concurred.