114 Cal.Rptr.2d 618 (2001)
94 Cal.App.4th 687
Craig K. MARTIN, Plaintiff and Respondent,
v.
Richard SZETO et al., Defendants and Appellants.
No. A094405.
Court of Appeal, First District, Division Four.
November 28, 2001.
As Modified December 31, 2001.
Review Granted February 20, 2002.
*619 Mattaniah Eytan, Corte Madera, Eric Schenk, Law Offices of Mattaniah Eytan, for Appellants.
Craig K. Martin, Melissa L. Foster, for Respondent.
SEPULVEDA, J.
In this slander action, appellants Richard Szeto and Anthony Lincoln appeal from an order denying their request for attorney fees pursuant to Code of Civil Procedure[1] section 1021.7. They contend that they were entitled to recover fees under section 1021.7 because respondent Craig K. Martin lacked good faith in maintaining the action. We conclude that appellants meet the statutory requirements for an award of fees under section 1021.7 and therefore reverse.

FACTUAL BACKGROUND
On November 10,1998, Martin, an attorney, filed a complaint against appellants alleging that they told others that he was "doing cocaine" and thereby injured him in his occupation. The action proceeded to arbitration. Martin did not appear at the arbitration hearing. The arbitrator denied Martin's claim and awarded costs to appellants. Martin thereafter filed a request for a trial de novo.
On May 15, 2000, appellants moved for summary judgment, contending that any alleged utterances about Martin were protected by the absolute privilege of Civil Code section 47, subdivision (b) and the qualified privilege under Civil Code section 47, subdivision (c). Martin did not file an opposition to the motion. The trial court granted the motion and subsequently entered judgment in favor of appellants.
On November 7, 2000, appellants moved to recover attorney fees pursuant to sections 1021.7, 1141.21 and 1033.5, subdivision (a)(10)(B). They contended that Martin did not maintain the action in good faith because he failed to attend the arbitration and did not respond to the motion *620 for summary judgment. Martin opposed the motion, arguing that section 1021.7 applied only to actions against peace officers brought in bad faith and that even if it applied to private defamation actions, appellants failed to show the action was maintained in bad faith. In support of his opposition, Martin filed a declaration that was not signed under penalty of perjury stating that he did not oppose the summary judgment motion because a significant witness in the case died before the hearing. He stated that he offered to dismiss the action at that point and sent appellants a release but that appellants did not execute it and proceeded with the hearing. The trial court denied the motion, finding that appellants failed to make an adequate showing of bad faith.

DISCUSSION
Appellants first contend that the trial court was required to award fees under sections 1141.21 and 1033.5 because Martin failed to obtain a more favorable result at the trial following the arbitration. They rely on Bhullar v. Tayyab (1996) 46 Cal. App.4th 582, 588, 54 Cal.Rptr.2d 17.
In Bhullar v. Tayyab, supra, 46 Cal. App.4th at pages 590-591, 54 Cal.Rptr.2d 17, the court held that after arbitration, the trial court has only limited discretion in deciding whether to award fees under section 1141.21. "[S]ection 1141.21 provides that, if a party fails to secure a more favorable judgment after asking for a trial de novo, `the court shall order that party to pay the following nonrefundable costs and fees.'" (Bhullar, at p. 588, 54 Cal. Rptr.2d 17.) Section 1141.21 incorporates section 1033.5. (§ 1141.21, subd. (a)(ii).) "[S]ection 1033.5 in turn incorporates by reference the terms of any statute authorizing attorney fees; therefore, if the authorizing statute gives the trial court discretion in deciding whether or not to award attorney fees, it retains such discretion under section 1141.21." (Bhullar, at p. 587, 54 Cal.Rptr.2d 17, fn. omitted.) Thus, "[t]he trial court must award section 1033.5 costs, including attorney fees, `unless the court finds in writing upon motion that imposition of such costs and fees would create such an economic hardship as not to be in the interest of justice.'" (Id. at p. 590, 54 Cal.Rptr.2d 17.) The Bhullar court concluded that a party who rejected a section 998 offer and subsequently did not obtain a more favorable judgment on trial de novo following an arbitration, was required to pay section 1033.5 costs, including attorney fees. (Bhullar, at pp. 589-590, 54 Cal.Rptr.2d 17.) "The Legislature has clearly enacted a policy of encouraging parties to accept arbitration awards" and has provided "`disincentives to trial de novo.'" (Ibid.) While former section 1021.1, subdivision (b) (Stats.1998, ch. 385, § 1, No. 6 West's Cal. Legis. Service, pp. 2415-2416) gives the trial court discretion to award attorney fees in a case where a party refuses a section 998 settlement offer, section 1141.21 mandates that the trial court award fees when a party fails to secure a more favorable judgment after asking for a trial de novo. (Bhullar, at pp. 588-590, 54 Cal.Rptr.2d 17.)
Under Bhullar, appellants are entitled to fees pursuant to section 1141.21, if they meet the statutory requirements of section 1021.7, because Martin refused an arbitration award and failed to obtain a more favorable result at trial. (Bhullar v. Tayyab, supra, 46 Cal.App.4th at pp. 588-590, 54 Cal.Rptr.2d 17.) Section 1021.7 provides: "In any action for damages arising out of the performance of a peace officer's duties, brought against a peace officer ... or against a public entity employing a peace officer or in an action for libel or slander brought pursuant to Section 45 or 46 of the Civil Code, the court may, in its discretion, award reasonable attorney's fees to the defendant or defendants as part of the costs, upon a finding *621 by the court that the action was not filed or maintained in good, faith and with reasonable cause." (Italics added.) The trial court declined to award fees under section 1021.7, finding that appellants failed to make an adequate showing that Martin maintained his action in bad faith.
The trial court's determination that the action was not brought in bad faith is a factual question that we review for sufficiency of the evidence. (Hall v. Regents of University of California (1996) 43 Cal. App.4th 1580, 1586, 51 Cal.Rptr.2d 387; Knight v. City of Capitola (1992) 4 Cal. App.4th 918, 932, 6 Cal.Rptr.2d 874.) Here, contrary to the trial court's finding, there is substantial evidence that this action was not maintained in good faith. First, appellant failed to appear for the arbitration hearing. Although he claims that he had a trial conflict, the evidence to support this is scant. In the arbitrator's letter denying Martin's request for a continuance of the arbitration, the arbitrator notes that Martin faxed him a letter stating that he was unavailable due to a trial but Martin did not mention the case name, did not send a copy of the letter to appellants' counsel, and did not return telephone calls to the arbitrator to discuss alternate dates. Martin argues that the trial court's denial of appellants' motion for sanctions based on his failure to attend the arbitration indicates that his failure to attend was not in bad faith. There is, however, no documentation of the sanctions motion, or the trial court's ruling on the motion, in the record.
Second, Martin filed no opposition to appellants' summary judgment motion. He then failed to appear at the hearing on the motion, which the trial court granted. Third, Martin failed to support his claim that he attempted to dismiss the action but appellants refused to sign a release. While Martin claimed in the motion papers he filed in opposition to appellants' motion for fees that a crucial witness died prior to the hearing on the summary judgment motion, he did not file a declaration under oath on this fact and there is nothing in the record documenting it.[2] In his "declaration," Martin stated that when he heard of the untimely death of Lefty Gordon, he offered to dismiss the case. Martin did not set forth any facts on the date of Gordon's death, nor did he include any documentation of an offer to dismiss in his motion papers. Finally, Martin failed to appear for the oral argument on this appeal.
Martin's inaction on this case reveals a total disdain for the judicial process. The record provides ample evidence that he failed to maintain his action in good faith and with reasonable cause.[3]
*622 As appellants satisfied the statutory requirement of section 1021.7 "that the action was not filed or maintained in good faith and with reasonable cause," we must determine whether section 1021.7 permits recovery of fees by defamation defendants other than peace officers or public agencies employing them.
In Planned Protective Services, Inc. v. Gorton (1988) 200 Cal.App.3d 1, 13-15, 245 Cal.Rptr. 790, the court held that section 1021.7 authorizes an award of attorney fees only to peace officer defendants sued for libel or slander and not to defendants generally. The court held that the legislative history of section 1021.7 showed that the Legislature intended to discourage unwarranted suits including defamation actions brought against peace officers, a specific class of defendants. We disagree with the Gorton court's analysis of section 1021.7.
As appellants point out, the Gorton court, in interpreting section 1021.7 did not look first to the language of the statute but rather turned to the legislative history of the statute to determine its meaning. The court's analysis was therefore contrary to settled rules of statutory construction. It is well settled that in construing a statute, we must ascertain the Legislature's intent so as to effectuate the law's purpose. (Kobzoff v. Los Angeles County Harbor/UCLA Medical Center, supra, 19 Cal.4th at p. 860, 80 Cal.Rptr.2d 803, 968 P.2d 514.) In determining the Legislature's intent, we must "look first to the words of the statute ..., giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose...." (Dyna-Med, Inc. v. Fair Employment & Housing Com. (1987) 43 Cal.3d 1379, 1386-1387, 241 Cal. Rptr. 67, 743 P.2d 1323.) If the plain language of the statute is "`"clear and unambiguous there is no need for construction, and courts should not indulge in it."'" (DaFonte v. Up-Right, Inc. (1992) 2 Cal.4th 593, 601, 7 Cal.Rptr.2d 238, 828 P.2d 140.)
Here, the language of section 1021.7 is clear that three types of actions trigger liability for attorney fees: "[(1) an] action for damages arising out of the performance of a peace officer's duties, brought against a peace officer ... or [(2) an action for damages] against a public entity employing a peace officer or [(3)] an action for libel or slander brought pursuant to Section 45 or 46 of the Civil Code...." (Italics added.) "The ordinary, familiar meaning of `or' is a delineation of alternatives. (See Webster's New Collegiate Diet. (1981) p. 800.)" (Kray Cabling Co. v. County of Contra Costa (1995) 39 Cal.App.4th 1588, 1593, 46 Cal.Rptr.2d 674.) The use of the disjunctive "or" reflects a legislative intent that the court may award attorney fees in either type of action if the court finds "that the action was not filed or maintained in good faith and with reasonable cause." (Ibid.; § 1021.7.) Moreover, to interpret section 1021.7 to apply solely to actions against peace officers and entities employing them would render the language concerning libel and slander actions nugatory. (People v. Craft (1986) 41 Cal.3d 554, 560, 224 Cal. Rptr. 626, 715 P.2d 585 [statute should not be given construction that results in rendering one of its provisions nugatory].)
*623 Even if we were to conclude that the statute is ambiguous, the legislative history of section 1021.7 supports our interpretation that section 1021.7 is not limited to peace officer defendants. The language adding actions for libel or slander was added to Senate Bill No. 229, the bill originally introduced to apply to actions against peace officers, shortly before the Governor signed it. (Assem. Amend, to Sen. Bill No. 229 (1981-1982 Reg. Sess.) Sept. 14, 1981.) The legislative history further indicates that the language was added to address concerns by the American Civil Liberties Union (ACLU) that libel and slander actions were increasingly being used to chill speech critical of police officers. The Governor's enrolled bill report states "libel and slander actions are being increasingly used as political weapons-particularly by peace officer associations. At the request of the ACLU, the bill was amended on the Assembly Floor to allow defendants to collect damages in such actions, presumably to balance peace officers' damages in frivolous actions against them." (Governor's Office, Legal Affairs Department, Enrolled Bill Rep. on Sen. Bill No. 229 (1981-1982 Reg. Sess.) Sept. 24, 1981, p. 2.) In sum, the legislative history indicates an intent to permit defamation defendants, other than peace officer defendants, an opportunity to recover attorney fees. (See also California Casualty Management Co. v. Martocchio (1992) 11 Cal.App.4th 1527, 1530, fn. 3, 15 Cal.Rptr.2d 277 [recognizing that legislative history of section 1021.7 may support finding that defamation defendant is entitled to an award of fees but declining to decide issue]; see also Masson v. New Yorker Magazine, Inc. (9th Cir.1989) 895 F.2d 1535, 1547-1548 [assumes private libel defendant can invoke statute, but affirms denial of fees], reversed on other grounds (1991) 501 U.S. 496, 111 S.Ct. 2419, 115 L.Ed.2d 447.)[4] We thus conclude that the trial court erred in denying appellants' request for fees pursuant to section 1021.7.

DISPOSITION
The order is reversed. Appellants are to recover their costs on this appeal.
We concur: REARDON, Acting P.J. and KAY, J.
NOTES
[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.
[2] A declaration is "a written statement signed by an individual which includes the date and place of signing, and a statement under penalty of perjury that its contents are true and correct." (§ 116.130, subd. (i); see also rule 323(a), Cal. Rules of Court ["[e]vidence received at a law and motion hearing shall be by declaration and affidavit and by request for judicial notice without testimony or cross-examination, except as allowed in the court's discretion for good cause shown or as permitted by local rule"]; § 437c, subd. (b) 2d 11 [opposition to summary judgment motion "shall consist of affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken"].)
[3] Appellants also argue that Martin's filing of the defamation action constituted bad faith because any statements they made were privileged under Civil Code section 47, subdivisions (b) and (c). Because we conclude that the record contains substantial evidence that Martin maintained the action in bad faith, we need not address appellants' contention that Martin's filing of the action was unreasonable as a matter of law based on the privileged nature of the statements. (See Kobzoff v. Los Angeles County Harbor/UCLA Medical Center (1998) 19 Cal.4th 851, 863, 80 Cal.Rptr.2d 803, 968 P.2d 514 [decision to pursue action against county which was immune from liability under the Tort Claims Act was unreasonable as a matter of law].)
[4] In light of our disposition, we reject Martin's request for sanctions pursuant to rule 26(e) of the California Rules of Court.