[No. E031329. Fourth Dist., Div. Two. Feb. 13, 2003.]

FRANK L. RICKER, INC., et al., Plaintiffs and Respondents, v. CITY OF COLTON et al., Defendants and Appellants.

**COUNSEL**

Best, Best & Krieger, Victor L. Wolf and Christina A. Henry for Defendant and Appellant City of Colton.

Gresham, Savage, Nolan & Tilden, Theodore K. Stream and Lisa Stolzy for Defendant and Appellant Inland Memorial, Inc.

Voorhees, Knable, Freeman & Pettler and Sidney Knable for Plaintiffs and Respondents.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

May the lessee of a city-owned public cemetery sell cemetery monuments and markers? We conclude it can and reverse the judgment.

The City of Colton owns a public cemetery, Hermosa Gardens. Colton leases the cemetery to Inland Memorial, Inc. Plaintiffs, two competing dealers[1] collectively identified as "Ricker," sued Inland and the city, asserting that Inland is prohibited from selling monuments and markers because it leases Hermosa Gardens from Colton. The superior court rendered judgment in favor of Ricker and defendants appeal.

The superior court erred. Although the law prohibits Colton from engaging in the private business of selling monuments and markers, its lessee, Inland is permitted to do so.

---

[1]Frank L. Ricker, Inc., a California corporation, and Manuel Arrieta, doing business as Monumental Bronze & Granite.

## 2. *Discussion*

The superior court decided the case based on a set of undisputed facts that we will refer to as necessary. We conduct a de novo review.[2]

█ City-owned public cemeteries are governed by sections 8130 and 8137 of the Health and Safety Code.[3] Section 8130 provides: "The general management, conduct, and regulation of burials, the disposition of plots, and keeping the plots in order, are under the jurisdiction and control of the city owning the cemetery." Section 8137 provides: "A cemetery owned and operated by a city, county, or city and county shall not engage in the business of selling monuments or markers, and its officers and employees who manage, operate, or otherwise maintain such cemetery on a day-to-day basis shall not engage in the private business of selling monuments or markers." Section 8137 was enacted in 1980. According to the legislative history,[4] the reason for the law was that "public cemeteries enjoy a tax favored status, and they should not be allowed to engage in competition with private enterprise, to its disadvantage, and to the ultimate disadvantage of the consumer."[5] Section 8137 is consistent with sections 8965 and 8966, making it unlawful for public cemetery districts to engage in the private business of selling monuments or markers.

The City of Colton owns the Hermosa Gardens cemetery, but the cemetery is operated under a lease to Inland. Therefore, section 8137, according to its plain meaning,[6] does not apply because Colton owns the cemetery but does not operate it. The statute only applies when a city owns *and* operates a public cemetery. The use of the word "and" shows the Legislature intended to construe conjunctively the two requirements of the statute.[7]

Section 8137 also does not apply because Inland is not an officer or employee of the city.[8] As a lessee, Inland is an independent contractor, not an officer, employee, or agent.[9] The lease agreement demonstrates that Inland has exclusive direction and control of the management, operation, and

---

[2]*Estate of Coate* (1979) 98 Cal.App.3d 982, 986 [159 Cal.Rptr. 794].

[3]All further statutory references are to the Health and Safety Code.

[4]*People v. Robles* (2000) 23 Cal.4th 1106, 1111 [99 Cal.Rptr.2d 120, 5 P.3d 176].

[5]Assemblyman Gerald N. Felando, letter to Governor Edmund G. Brown, Jr., June 3, 1980.

[6]*People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557].

[7]*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 861 [80 Cal.Rptr.2d 803, 968 P.2d 514].

[8]Government Code section 810.2.

[9]*Baugh v. Rogers* (1944) 24 Cal.2d 200, 206 [148 P.2d 633, 152 A.L.R. 1043]; *Empire Star Mines Co. v. Cal. Emp. Com.* (1946) 28 Cal.2d 33, 43-45 [168 P.2d 686], overruled on other grounds in *People v. Sims* (1982) 32 Cal.3d 468, 479 [186 Cal.Rptr. 77, 651 P.2d 321]; *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 541 [99 Cal.Rptr.2d 824].

maintenance of the cemetery. Inland's agreement to pay royalties of 12 percent of gross receipts to the city does not make Inland an agent of the city.[10] Furthermore, Inland does not enjoy tax-exempt status like the city. Therefore, if Inland sells monuments and markers, it maintains no unfair competitive advantage over other private dealers in monuments and markers and the consumer is not ultimately disadvantaged.

We note that as the parties agreed in their stipulated statement of facts, Inland does not have an exclusive right to sell monuments and markers for Hermosa Gardens. Ricker and other dealers are still able to sell their products for use at Hermosa Gardens. No antitrust concerns are implicated.

Finally, we reject Ricker's suggestion, as argued below, that the city could not lease the cemetery to Inland. The city has the authority to do so under section 8130 and in conjunction with Civil Code section 718, providing: "The property owned by, or that held by, or under the management and control of, any municipality, or any department or board thereof, may be leased for a period not to exceed 55 years." In 1999, the cemetery was running a deficit of more than $312,000. Consequently, the city and Inland entered into a lease for 55 years as permitted by statute. Moreover, the lease obviously serves the purposes of the public trust[11]—in this instance, assuring the maintenance and upkeep of a public cemetery.

### 3. *Disposition*

The City of Colton does not own *and* operate Hermosa Gardens. The city owns the cemetery. Inland, a private company, operates it under a long-term lease. The prohibition of section 8137 does not apply to Inland.

The judgment is reversed and the prevailing parties shall recover their costs on appeal.

Ramirez, P. J., and McKinster, J., concurred.

A petition for a rehearing was denied March 6, 2003, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied April 30, 2003.

---

[10]*Empire Star Mines Co. v. Cal. Emp. Com., supra,* 28 Cal.2d at pages 37, 43-45; *Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654,1669-1670 [42 Cal.Rptr.2d 669].
[11]*Harter v. City of San Jose* (1904) 141 Cal. 659, 665-666 [75 P. 344].