[Crim. No. 22129. First Dist., Div. Three. Apr. 20, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
CHESTER WASHINGTON, Defendant and Appellant.

**COUNSEL**

Colin J. Heran, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney Gen-

eral, and W. Eric Collins, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FEINBERG, J.**—Appellant was sentenced to prison, execution suspended, and placed on probation in San Mateo County in April 1977. It was a condition of probation that appellant submit to search by a probation or peace officer "upon reasonable cause." In September 1977, he was committed to prison in Santa Clara County. In October 1977, the San Mateo County Probation Officer was notified by the bureau of criminal identification and investigation of appellant's imprisonment (appellant did not request in the San Mateo action that a commitment issue or that probation be terminated). The San Mateo court did not issue its commitment or make any order terminating jurisdiction over appellant.

Appellant was released from prison. In January 1980, appellant's probation officer and Mountain View and Palo Alto police officers, pursuant to the search condition and upon cause, the reasonableness of which is not contested, searched appellant's Mountain View residence. Stolen property and evidence of a narcotics offense were found, as a result of which the instant charges were filed in Santa Clara County and, in March 1980, appellant was held to answer to the charges after a preliminary examination.

In June 1980, appellant, after a hearing, obtained an order of the San Mateo County Superior Court terminating his probation nunc pro tunc as of March 1, 1978. In the pending Santa Clara County case, he made a motion heard in July 1980, for the suppression of evidence, based on the theory that the search under the probation condition was unlawful because appellant was not legally or in fact on probation. The evidentiary basis for the motion was the transcript of the preliminary examination and the findings and order of the San Mateo County Superior Court terminating probation. The motion was denied by a written order, which concluded that appellant was *legally* on probation because "the evidence does not show that the court which ordered probation was ever notified of defendant's prison commitment" and was *in fact* on probation because "the nunc pro tunc order ... cannot invalidate the probation search" in that "the retroactive effect of this

inherent power of the court is to do justice to a litigant whose rights are threatened by a delay or fault not of his own making" which "is simply not the case here ...."

The sole issue on appeal is whether the evidence should have been suppressed.

The evidence bearing on the question of whether the probation officer notified the court of appellant's prison commitment is as follows:

(1) The probation officer testified at the preliminary examination that he could not remember whether he notified the court but "I could have orally talked to him."

(2) The probation officer indicated that the fact that appellant was kept on probation made it likely that the court had authorized it because "in our county we don't try to keep people on probation."

(3) The People stipulated in San Mateo County and the court there found in the order terminating probation nunc pro tunc that sometime between October and December 30, 1977, the probation officer informed the court that appellant was in prison.

*Was Appellant Legally on Probation?*

Appellant's first argument is that he was not bound by the search condition because he was not legally on probation, his probation having terminated *by operation of law.* (Pen. Code, § 1203.2a.)

It is undisputed that, *if* the probation officer notified the San Mateo court of appellant's imprisonment, the court should have issued its commitment or terminated its jurisdiction within 60 days. If the court did not, it was thereby "deprived of jurisdiction over defendant."[1] It would seem beyond dispute, too, that, if the court were "deprived of jurisdiction," appellant would no longer be on probation and the search condition would end.

---

[1]Penal Code section 1203.2a provides in pertinent part: "If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement."

Appellant argues, that the People are estopped by their stipulation from denying that the probation officer notified the San Mateo court and by that court so finding.[2]

The counterarguments might be made that the stipulation was not binding because it was made in a different proceeding and that the court's findings are not entitled to res judicata effect because the interests of the People were not the same in the probation termination proceeding as at the motion to suppress hearing. It appears, however, that a stipulation in one proceeding may be binding in another proceeding. (*Leonard* v. *Los Angeles* (1973) 31 Cal.App.3d 473 [107 Cal.Rptr. 378] [stipulation in criminal case that arrest made with probable cause binding in subsequent tort action], cited with approval by *Hoines* v. *Barney's Club, Inc.* (1980) 28 Cal.3d 603, 609 [170 Cal.Rptr. 42, 620 P.2d 628]; *Nungaray* v. *Pleasant Valley etc. Assn.* (1956) 142 Cal. App.2d 653 [300 P.2d 285] [stipulation of fact in trial between defendant and insurer an admission in trial between defendant and plaintiff]. See *Nathan* v. *Dierssen* (1905) 146 Cal. 63, 65-66 [79 P. 739] [stipulation at one trial binding at a later trial where issues the same and aggrieved party did not offer evidence contrary to stipulation]; see also *Richfield Oil Corp.* v. *State Board* (1946) 329 U.S. 69, 73, fn. 1 [91 L.Ed. 80, 88, 67 S.Ct. 156]; *Gonzales* v. *Pacific Greyhound Lines* (1950) 34 Cal.2d 749, 755 [214 P.2d 809].) And identity of interests is a test of whether a *nonparty* to a prior proceeding is in "privity" with a party and therefore bound by the judgment (see Rest., Judgments, § 83; *People* ex rel. *State of Cal.* v. *Drinkhouse* (1970) 4 Cal.App.3d 931, 937 [84 Cal.Rptr. 773]); it does not apply to opposing *parties* to the previous proceeding, who are bound, regardless of differing interests in the subsequent proceeding. (Code Civ. Proc., § 1910; 2 Freeman on Judgments (5th ed. 1925) § 673, p. 1420.)

■ We need not resolve this interesting question because assuming that, as a matter of law, appellant's probation and the search condition thereto had terminated prior to the search at issue, we do not believe that the fruits of the search should be suppressed.

---

[2]Though it is not explicit in the record, it seems reasonable to believe that (a) the District Attorney of Santa Clara County had no knowledge that the District Attorney of San Mateo County would enter into such a stipulation, and (b) the District Attorney of San Mateo County had no knowledge that the stipulation might affect a pending case in Santa Clara County.

It is clear beyond cavil that the police officers and the probation officer believed that in January 1980, the time of the search, that appellant was on probation. It is obvious that even *appellant*, at the time of the search, believed himself to be on probation and had so believed and acted even though, as we have assumed, he had not been on probation, as a matter of law, since March 1978.

It has been held that where the police have probable cause to arrest X and arrest Y, whom they reasonably mistake for X, the arrest of Y is lawful and a search and seizure incident to the arrest is not an unreasonable one. (*People* v. *Hill* (1968) 69 Cal.2d 550, 552-553 [72 Cal. Rptr. 641, 446 P.2d 521]; affd. in *Hill* v. *California* (1971) 401 U.S. 797 [28 L.Ed.2d 484, 91 S.Ct. 1106].)

More recently, in a case on all fours with the case at bench, the court denied suppression where the officers made a search pursuant to a parole search condition in the good faith belief, based upon the representation of the parole officer and the purported parolee that parole was in effect even though, as a matter of law, parole had terminated *before* the search. (*People* v. *Tellez* (1982) 128 Cal.App.3d 876 [180 Cal.Rptr. 579].)

Appellant could argue that *Hill* involved an error of fact, i.e., identity, whereas the case at hand involves an error of law, i.e., whether appellant was on probation, though *Tellez* on this theory also would have involved an error of law.

What is an error of fact and what is an error of law in a given matrix is not always capable of easy resolution. But, again, we shall assume that appellant is correct and the error is one of law.

In *People* v. *Teresinski* (1982) 30 Cal.3d 822 [180 Cal.Rptr. 617, 640 P.2d 453], the court held that "Courts on strong policy grounds have generally refused to excuse a police officer's mistake of law." (At p. 831.) However, the court left open "whether under exceptional circumstances an officer's reasonable mistake of law might validate police conduct . . . ." (At pp. 831-832.)

If there can be "exceptional circumstances," this case presents them. They are as follows:

1. At the time of the search:

A. The probation officer reasonably believed appellant was on probation.

B. The police reasonably believed appellant was on probation.

C. Appellant believed he was on probation and had so believed for almost two years following the date probation presumably terminated as a matter of law.

2. There never was a true adversary proceeding in which it had been determined that the San Mateo probation office had notified the San Mateo Superior Court that appellant was in prison. In fact, the probation officer testified that he had no recollection whether he had or had not told the court. In short, but for what appears to have been a pro forma stipulation by the San Mateo District Attorney, appellant's probation may not have expired, as a matter of law, prior to the time of the search.

Surely the application of the exclusionary rule to the facts of this case serves neither to deter unlawful police activity, preserve the integrity of the judicial process, nor advance the cause of a free society an iota.

Therefore, we affirm the judgment.

White, P. J., and Scott, J., concurred.

A petition for a rehearing was denied May 11, 1982.