[No. D017905. Fourth Dist., Div. One. Mar. 3, 1993.]

HECTOR MIRANDA, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Francis J. Bardsley, Public Defender, M. Carolyn Bumer and Stephen M. Cohan, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Stephen E. Carr, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**FROEHLICH, J.**—Petitioner Hector Miranda is awaiting trial on charges of unlawful possession of controlled substances while armed with a loaded firearm (Health and Saf. Code, § 11370.1), ex-felon in possession of a firearm (Pen. Code, § 12021, subd. (a)), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The evidence which is expected to support these charges was obtained in a warrantless search of petitioner's residence. A pretrial motion to suppress this evidence brought

under Penal Code section 1538.5 was denied. Petitioner seeks extraordinary relief to bar the use of this evidence, claiming that it should be suppressed as obtained in violation of his Fourth Amendment rights. We stayed the trial, requested briefing and entertained oral argument on the issue.

I

### FACTUAL BACKGROUND OF THE SEARCH

The facts surrounding the search which produced the evidence in issue are not in dispute. The investigating police officer received an anonymous telephone call advising that Hector Miranda had just received two pounds of marijuana at his residence, and that the marijuana "probably wouldn't be there very long." The officer then ran Miranda's name on her computer, which showed that Hector Miranda was subject to a Fourth Amendment search waiver not due to expire until 1993. The officer next checked her "probation book," which confirmed that Hector Miranda was indeed subject to a Fourth Amendment waiver. The officer's attempt to verify this information by a call to the probation department was unsuccessful because that department's computers were not then functioning.

Having been advised that time was of the essence, and reasonably believing that Miranda was subject to a search waiver, the officer proceeded to Miranda's residence and advised him that she intended to conduct a search of the premises in accordance with his waiver. Miranda denied being on probation, denied being subject to a search waiver, and refused to give consent to a search. The officer's subsequent search turned up the evidence in question: a syringe full of heroin, 6.9 grams of marijuana and a firearm. No warrant was obtained for the search, and it is not contended that the search was based upon exigent circumstances.

The trial court ruled that the evidence did not establish the absence of the Fourth Amendment search waiver, and hence the search made in accordance with that waiver was valid. On appeal the district attorney concedes that (1) the burden of proving the existence of the Fourth Amendment waiver was upon the prosecution; (2) the waiver was not established by competent evidence; and therefore (3) we should assume for the purpose of this appeal that no waiver existed. We therefore must also infer that the information contained in the police officer's computer readout, as well as her "probation book," was erroneous.

The district attorney contends that regardless of the nonexistence of consent or probation status as a ground for the search, the evidence resulting

therefrom should not be suppressed, on the basis of the "good faith" exception to the rule of suppression of evidence obtained in violation of the Fourth Amendment right of privacy, as established by *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405] (hereafter *Leon*).

## II

### DISCUSSION

The starting point of our discussion must be *People* v. *Ramirez* (1983) 34 Cal.3d 541 [194 Cal.Rptr. 454, 668 P.2d 761] (hereafter *Ramirez*). There, as in our case, a search was made upon the basis of an erroneous computer report (in *Ramirez*, the report showed an arrest warrant as outstanding when, in fact, it had expired). Finding that the incorrect information came from the police department's records, a unanimous court ruled that reliance by the police officer on his own agency's erroneous records would not insulate the evidence from the rule of suppression. " '[T]he point is that the police may not rely upon incorrect or incomplete information when they are at fault in permitting the records to remain uncorrected.' [Citation.]" (*Id.* at pp. 545-546.) Recognizing that the "fellow officer" or "collective knowledge" principle can be used to validate an arrest or search when inadequate information known by the arresting officer can be supplemented by information from others in his department, the court held that the converse concept would also apply: The arresting officer should also be bound by the falsity of information disseminated by his department. This rule, the court found, would have the beneficial result of fostering more careful police practices and would impose upon police "the responsibility to disseminate only accurate information." (*Id.* at p. 547.) Acknowledging that the officer acted in good faith reliance on information communicated to him through "official channels," the court stated that "law enforcement officials are collectively responsible for keeping those channels free of outdated, incomplete, and inaccurate warrant information." (*Id.* at p. 552.)

The district attorney's assertion of a "good faith" exception to the rule of exclusion is obviously contrary to the *Ramirez* holding. *Ramirez*, it is claimed, has been superseded by Proposition 8 and the holding in *Leon*. Pursuant to Proposition 8, effective on June 8, 1982, exclusion of evidence because of an illegal search or seizure must be determined pursuant to federal law, the state Constitution no longer affording independent grounds for suppression of evidence. (*People* v. *Barbarick* (1985) 168 Cal.App.3d 731, 737 [214 Cal.Rptr. 322]; *People* v. *Helmquist* (1984) 161 Cal.App.3d 609, 612 [207 Cal.Rptr. 718].) The applicable law, therefore, the district attorney contends, must be found in federal authority, and if that

authority conflicts with previous state law (i.e., the rule in *Ramirez*) the federal law prevails. That law, it is contended, is as stated in *Leon.*

*Leon* involved the suppression of evidence collected in accordance with a search warrant valid on its face, but which was defective because of insufficient evidence in its supporting affidavit. In holding the evidence should not be suppressed, the court created a new rule of admissibility based on the "good faith" of the officer relying on the defectively issued search warrant. The court reached this conclusion upon a discussion of the grounds and objectives of the exclusionary rule. The rule is designed, the court advised, " '. . . to safeguard Fourth Amendment rights generally through its deterrent effect, rather than [as] a personal constitutional right of the aggrieved.' " (*Leon, supra,* at p. 906 [82 L.Ed.2d at p. 687], quoting *United States* v. *Calandra* (1974) 414 U.S. 338, 348 [38 L.Ed.2d 561, 571, 94 S.Ct. 613].) Recognizing that the application of the exclusionary rule results in the preclusion of use of inherently trustworthy tangible evidence, the court advised that such exclusion should be approved only after "weighing the costs and benefits." (*Leon, supra,* at p. 907 [82 L.Ed.2d at p. 688].) A review of the evolution of the rule " 'forcefully suggest[s] that the exclusionary rule [should] be more generally modified to permit the introduction of evidence obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment.' [Citation.]" (*Id.* at p. 909 [82 L.Ed.2d at p. 689].)

The error in *Leon,* the court pointed out, was made by a judicial officer. The exclusionary rule is designed to deter police misconduct, not to correct the errors of judges or magistrates. (*Leon, supra,* 468 U.S. at p. 916 [82 L.Ed.2d at p. 694].) Where the defect in paperwork derives not from police negligence but from judicial error, no remedial benefit will come from suppressing the evidence. Hence, an exception to the exclusionary rule was established: Where the search is made in accordance with a warrant valid on its face, the defect therein having been created by inadequate proof presented to the magistrate but not known to the officer executing the warrant, the evidence collected in the search will not be excluded.

The question we must resolve is whether the new federal authority supersedes the rule stated in *Ramirez.* The answer to this question requires two inquiries: First, is there a sufficient distinction between the ratio decidendi of *Ramirez* and that of *Leon* to permit continued vitality of a narrowly construed *Ramirez* rule; and second, has the "good faith" principle of *Leon* been expanded, or should it be expanded, to encompass situations involving the exercise of "good faith" beyond the factual context of *Leon*?

We address first the apparent effect of *Leon* itself on the *Ramirez* holding. A principal distinction between the two cases is obvious. *Leon* involved an

officer's reliance upon a tangible search warrant issued by a judicial officer, while the reliance in *Ramirez* was upon a computer printout of police department records. This difference leads to divergent conclusions by the two courts as to the efficacy of utilization of the exclusionary rule. In *Leon*, since the error was judicial the court concluded that excluding evidence would have no beneficial effect on the police force. In *Ramirez* the fact that the error originated in the police department motivated the court to conclude that suppression would have a beneficial effect on police practices.

This distinction could well be thought crucial. It is to be noted that the *Leon* court did not purport to create a broad or general rule of admissibility of evidence collected in erroneous but good faith reliance on some supposed ground of search. The court specifically enumerated instances in which suppression would remain the result. Where the officer preparing the affidavit to support the search warrant intentionally falsifies it, or where the judicial officer abandons his independent role in reviewing the affidavit, suppression will still be the rule. Where the warrant on its face is so deficient as to alert the officer to its invalidity, suppression will result. (*Leon, supra*, 468 U.S. at p. 923 [82 L.Ed.2d at pp. 698-699].)

We cannot say, therefore, that the rationale of *Leon* necessarily results in reversal of the *Ramirez* principle. Two recent decisions by the Court of Appeal reach the conclusion that *Ramirez* remains good law. The first is *People* v. *Ivey* (1991) 228 Cal.App.3d 1423 [279 Cal.Rptr. 544], where it was held that the *Leon* "good faith" exception would not apply to evidence based on an arrest warrant the recall of which had been negligently delayed. The error in allowing the expired warrant to remain outstanding was held by the appellate court to be at least partially the result of negligence on the part of the police department. (*Ivey, supra*, at p. 1426.) This factor distinguished the case from *Leon*, the court ruled, since a key element of the Leon decision was its identification of the error in the warrant issuance as judicial rather than police error. Following the *Ramirez* precedent, the *Ivey* court held the evidence must be suppressed, stating that "[a]lthough *Ramirez* was filed before [*Leon*], its reasoning is still valid. . . . We conclude that the 'good faith' exception to the exclusionary rule does not operate when the arresting officer relies on information which the police department knows or should know is not true. . . ." (*Ivey, supra*, at p. 1428.)

Our second case in point is *People* v. *Armstrong* (1991) 232 Cal.App.3d 228 [283 Cal.Rptr. 429]. The core issue in this case was whether the district attorney, in defending against a motion to dismiss based upon the claim that evidence should be suppressed, was obligated to prove the existence and validity of the arrest warrant upon which the defendant was detained. (The

arresting officer relied upon a computer printout which described the warrant.) In order to reach a decision on this issue the court examined the ruling in *Leon* and its effect upon preexisting California law. It narrowly concluded that *Leon* did not insulate all seizures made in good faith ignorance of defects in the warrant, and hence the prosecution, if challenged, is obliged to prove the information upon which the warrant was issued. (*Armstrong, supra,* at p. 241.) In reaching this conclusion the court discussed *Ramirez,* noted that it cited and rested upon authority approved in *Leon* (*Whiteley* v. *Warden* (1971) 401 U.S. 560 [28 L.Ed.2d 306, 915 S.Ct. 1031]), and suggested, at least inferentially, that "[t]he suggested tension between *Ramirez* and [*Leon*]" is exaggerated. (*Armstrong, supra,* at p. 237.)

We are persuaded by this authority and the reasoning behind it. Unless the *Leon* "good faith" principle has been extended substantially beyond its initial outline, *Ramirez* remains controlling.

Our review of post-*Leon* cases indicates that, although the *Leon* principle has indeed been expanded, it remains essentially within confines suggested by the original *Leon* decision which do not permit its application to the facts of our case.

In *Illinois* v. *Krull* (1986) 480 U.S. 340 [94 L.Ed.2d 364, 107 S.Ct. 1160], the *Leon* principle was applied to a search based upon statutory authority later declared unconstitutional. Following the rationale of *Leon,* the court held that legislative action was beyond the control or influence of the police department, and that suppressing evidence because of subsequent declaration of invalidity of statutory authority would have no beneficial effect upon police work. Police are entitled, the court held, to rely upon the validity of statutes just as they are entitled (with the exceptions listed in *Leon*) to rely upon apparently valid arrest or search warrants. (*Id.* at p. 349 [94 L.Ed.2d at pp. 374-375].)

The Fifth Circuit reached a complementary result in *United States* v. *Jackson* (5th Cir. 1987) 825 F.2d 853 [94 A.L.R.Fed. 327], a case involving a warrantless search by border patrol agents held improper because geographically too far removed from the border. The evidence was held not excludable, however, because the agents had relied in good faith upon prior *judicial* authority from the Fifth Circuit itself, which was overturned for the first time in the *Jackson* case. As with reliance upon trial court action in issuing a warrant, the court found that police should be entitled to rely upon appellate court action in establishing precedent for warrantless searches.

Our California appellate courts have similarly expanded upon the specific ruling in *Leon,* but not to an extent which would support the district

attorney's argument in this case. In *People* v. *Barbarick, supra,* 168 Cal.App.3d 731, the *Leon* good faith rule was applied to the use of evidence collected in accordance with a consent given in exchange for an own-recognizance release. The subsequent determination that this condition was invalid was held judicial error, like that in *Leon,* which would not result in suppression of the evidence. *People* v. *Palmer* (1989) 207 Cal.App.3d 663 [255 Cal.Rptr. 55] applied the *Leon* rule to the service of a defective arrest warrant (as distinguished from the defective search warrant in *Leon*). No California case has expanded the *Leon* good faith rule to reliance upon erroneous information developed within the police department or related governmental executive offices.[1]

Federal authority, with one exception, supports the conclusion that *Leon* cannot be expanded to insulate from the rule of suppression evidence collected in good faith reliance upon erroneous information generated within the police department. In *United States* v. *Whiting* (9th Cir. 1986) 781 F.2d 692, a search of a postal package was based upon a warrant defective because of its issuance upon the basis of the federal investigator's own inadequate factual presentation. In holding the exclusionary rule applicable the court said, "[t]he *Leon* exception, . . . is clearly limited to warrants invalidated by lack of probable cause and does not create the broad 'good faith' exception the government suggests. [Citation.] The *Leon* rule should therefore not be applied to invalid warrantless searches. . . ." (*Whiting* at p. 698.)

The Ninth Circuit had earlier reached the same decision in *United States* v. *Winsor* (9th Cir. 1988) 846 F.2d 1569, 1579: "The Supreme Court has applied the so-called 'good faith' exception to the exclusionary rule only to searches conducted in good faith reliance on a warrant or statute later

---

[1]We must refer to two cases upon which the district attorney relies: *People* v. *Tellez* (1982) 128 Cal.App.3d 876 [180 Cal.Rptr. 579] and *People* v. *Washington* (1982) 131 Cal.App.3d 434 [186 Cal.Rptr. 3]. The principle enunciated in these cases was that while "a good faith mistake of law will not justify an unlawful search or seizure . . . California courts have recognized that a reasonable mistake of fact, entertained in good faith by arresting officers, will authorize a search or arrest, even if the facts subsequently prove to be mistaken. . . ." (*People* v. *Tellez, supra,* at p. 880.) We think these cases are not of instructive value in terms of the *Ramirez/Leon* issue because (1) they precede both authorities and (2) they do not address the distinction between a defective search based upon mistake of an authority other than the police department itself and a mistake within the department. In *Tellez,* which is the principal authority of the two cases, the mistake in assumption that the defendant was on parole was based upon bad information generated from the parole officer. Since the parole officer is not part of the police department, it is possible *Tellez* may actually be in harmony with the essential *Leon* principle (which teaches that we do not reform the police department by excluding evidence when the error in its collection was not made by the police department).

declared to be unconstitutional. [Citation.] We decline to extend *Leon*'s good faith exception to searches not conducted in reliance on a warrant or a statute. . . ." (See also *People* v. *Fields* (Colo. 1990) 785 P.2d 611, a state decision reaching the same conclusion.)

The exception to this trend is *United States* v. *De Leon-Reyna* (5th Cir. 1991) 930 F.2d 396. In this case a warrantless stop and search was made of a vehicle based upon a mistaken report pertaining to the license plates of the vehicle received from a police dispatcher. The court held that the stop was objectively reasonable, based upon the officer's good faith reliance on the license report information. The court found that the case came within the *Leon* exception to the exclusionary rule without, however, discussing the factor of police error or distinguishing reliance upon the police department's own records as opposed to reliance on erroneous information derived from some other source. (*Id.* at p. 401, fn. 5.)

LaFave in his exhaustive treatise on search and seizure[2] suggests the possibility that *Leon* and a related case decided in the same term, *Massachusetts* v. *Sheppard* (1984) 468 U.S. 981 [82 L.Ed.2d 737, 104 S.Ct. 3424], may serve "as stepping stones to a more comprehensive good faith exception to the Fourth Amendment exclusionary rule." (1 LaFave, *op. cit. supra*, at p. 77.) The author cautions, however, that "a broader good faith exception is neither a desirable nor a necessary step," suggesting that an important "incidental benefit" of the *Leon* rule is its encouragement of the utilization of the warrant process for searches and arrests. (1 LaFave, *op. cit. supra*, at p. 78.)

██ It is our conclusion that the rule stated in *Ramirez* remains precedential, and that *Leon* has not eroded that rule, at least in the case of warrantless collection of evidence based upon an error generated by the police department itself. If the *Leon* ruling is to be expanded to cover such situation, as Professor LaFave fears may happen, it should be done by the United States Supreme Court itself. If we are in error in assuming that the *Leon* decision does not vitiate the *Ramirez* rule, then the appropriate authority to point it out is our California Supreme Court. We therefore rule that the evidence collected against Hector Miranda should have been suppressed, and the writ of mandate shall issue directing the superior court to grant Miranda's motion under Penal Code section 1538.5.

---

[2](1 LaFave, Search and Seizure (2d ed. 1987) *Leon* "Good Faith" Exception, § 1.3(g), pp. 77-80 & (1993 pocket pt.) p. 14, fn. 86.)

The stay issued November 20, 1992, is vacated.

Work, Acting P. J., and Benke, J., concurred.