[No. E032557. Fourth Dist., Div. Two. Mar. 10, 2004.]

GELZA SALAZAR, Plaintiff and Appellant, v.
UPLAND POLICE DEPARTMENT et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I.B., D., E., II.A., B., and D.

**COUNSEL**

Law Offices of Ruben Salazar and Ruben Salazar for Plaintiff and Appellant.

Ferguson, Praet & Sherman, Shane D. Sullivan and Larry J. Roberts for Defendants and Respondents.

**OPINION**

**GAUT, J.**—This action arises from a road rage incident in which an Upland Police Department officer arrested plaintiff Gelza Salazar for felony assault with a deadly weapon, a car.[1] The district attorney ultimately filed misdemeanor charges against her for hit-and-run[2] and reckless driving.[3] The trial court dismissed the criminal charges after plaintiff stipulated to there being probable cause for her arrest. Meanwhile plaintiff sued defendants in this action for arresting her and filing criminal charges against her.

Defendants City of Upland, Upland Police Department, Lieutenant Rod Lines, Police Chief Martin E. Thouvenell, officers Steven Adams, Jeff Mendenhall, and John Echevarria, police dispatcher Liz Nutte, and police dispatcher supervisor Graham Hendrickson (defendants) moved for summary judgment or, alternatively, summary adjudication on the grounds plaintiff stipulated there was probable cause for her arrest and defendants were immune from liability.

Plaintiff appeals judgment against her, entered after the trial court granted defendants summary judgment. Plaintiff raises numerous grounds challenging summary judgment, including that there was no probable cause for plaintiff's

---

[1] Penal Code section 245, subdivision (a)(1).
[2] Vehicle Code section 20002, subdivision (a).
[3] Vehicle Code section 23103, subdivision (a).

arrest; the probable cause stipulation was inadmissible and was not sufficient to support summary judgment; defendants failed to meet their burden of establishing a defense to each of the 10 causes of actions; plaintiff's claims are not barred by governmental immunity; triable issues of fact exist; and defendants' summary judgment motion failed to address the seventh cause of action for civil rights violations against defendant officers Echevarria, Lines, Adams, and Thouvenell.

We conclude the probable cause stipulation is admissible and establishes there was probable cause for plaintiff's arrest. In addition, with the exception of the seventh cause of action, the trial court appropriately granted summary judgment as to each cause of action based on governmental immunity.

As to the seventh cause of action, the trial court erred in granting summary judgment since it was not addressed in defendants' motion for summary judgment. As a consequence, summary judgment is reversed as to defendant officers Echevarria, Lines, Adams, and Thouvenell. Summary judgment is affirmed as to the remaining defendants, City of Upland, Upland Police Department, Jeff Mendenhall, Liz Nutte, and Graham Hendrickson.

In a separate appeal, consolidated with plaintiff's summary judgment appeal, plaintiff appeals from an order awarding defendants $20,476.50 in attorney fees and $1,086.64 in costs. The trial court awarded fees and costs under Code of Civil Procedure section 1021.7 on the ground plaintiff's action was not maintained with reasonable cause.

Plaintiff contends the trial court did not have jurisdiction to decide defendants' motion for attorney fees and costs, and the trial court denied plaintiff her rights to due process, equal protection, and a fair hearing. Plaintiff also complains the trial court abused its discretion in granting fees and costs under Code of Civil Procedure section 1021.7, and the award is against public policy and infringes plaintiff's First Amendment right to petition the government for legal redress.

We reject plaintiff's contentions as meritless and affirm the award of fees and costs as to the City of Upland, Upland Police Department, Jeff Mendenhall, Liz Nutte, and Graham Hendrickson. But since we must reverse summary judgment as to the seventh cause of action against officers Echevarria, Lines, Adams, and Thouvenell due to defendants' failure to address the seventh cause of action in their summary judgment motion, we reverse the fees and cost award as to those defendants.

## I. SUMMARY JUDGMENT APPEAL

### A. *Factual and Procedural Background*

On February 28, 2001, at about 10:00 a.m., Larry Moxham rear-ended plaintiff after Moxham and plaintiff had became engaged in a brief bout of road rage. Plaintiff left the scene of the accident without giving Moxham her identifying information. Shortly thereafter, Upland Police Department Officer John Echevarria investigated the incident, took Moxham's statement, located plaintiff driving in her car, stopped her, took her statement, and based on plaintiff's and Moxham's statements, arrested plaintiff for assault with a deadly weapon, a car. Plaintiff was booked for the assault offense and, later that day, plaintiff was released on $50,000 bail.

Based on Echevarria's investigation of the incident, he wrote a declaration of probable cause in which he stated he was informed that plaintiff purposely slammed on her brakes, causing Moxham's truck to rear-end her vehicle. Echevarria further stated in the declaration that, after interviewing Moxham and plaintiff, he concluded the collision was due to plaintiff's being upset because she believed Moxham had cut her off.

Rather than prosecuting plaintiff for felony assault with a deadly weapon, on March 14, 2001, the district attorney filed misdemeanor charges against plaintiff for hit-and-run and reckless driving.

On May 15, 2001, plaintiff filed a government claim with the City of Upland claiming, among other things, that defendants fabricated probable cause for her arrest, falsely arrested her based on her ethnicity and sex, attempted to cover up defendants' fabrication and false arrest, inadequately investigated the incident, pursued criminal charges against her despite being apprised they were false, and committed defamation, invasion of privacy, false imprisonment, violation of her civil rights, battery, negligent hiring, training, supervision, and discipline of defendant officers, negligent handling of her 911 call, and negligent failure to investigate her police misconduct complaint. The city rejected plaintiff's claim on July 9, 2001.

Plaintiff made essentially the same allegations in her civil lawsuit filed on September 7, 2001, against defendants. Plaintiff's complaint contains the following causes of actions: (1) false arrest/imprisonment; (2) battery, arising from being handcuffed and arrested; (3) defamation, based on defendants' accusing plaintiff of committing the felony of assault with a deadly weapon; (4) invasion of privacy (false light) by publicly disclosing that plaintiff had committed the felony of assault with a deadly weapon by slamming on her brakes and damaging another's vehicle; (5) abuse of process; (6) intentional

infliction of emotional distress; (7) civil rights violation; (8) negligence per se, consisting of falsely arresting plaintiff without probable cause in violation of Penal Code section 836, subdivision (a)(3); (9) negligent failure to perform mandatory duties under Government Code section 815.6; and (10) negligent acts and omissions under Government Code section 815.2.

In November plaintiff filed Doe amendments adding police officers Steve Adams and Jeff Mendenhall as Doe defendants.

While appearing in criminal court on November 29, 2001, with both her criminal attorney and her civil attorney (plaintiff's husband) on a *Pitchess* motion,[4] plaintiff authorized a probable cause stipulation, which her criminal attorney signed on her behalf. The stipulation states plaintiff and the district attorney stipulated, "5. That probable cause existed for Officer Echevarria to stop [Gelza Salazar], based on the facts that were given to him by [Gelza Salazar] and Moxham on February 28, 2001, and to arrest her on the counts as charged. [¶] 6. That Defendant, Gelza Salazar was ultimately charged with violating Vehicle Code Sections 20002(a) and 23103(a)." After the parties executed the stipulation, in accordance with the prosecutor's recommendation the trial court dismissed criminal charges against plaintiff under Penal Code section 1385, in the interests of justice.

In December 2001, defendants removed the civil action to the federal court and, in January 2002, on plaintiff's motion, the federal court remanded the case back to the state court on the ground the civil rights cause of action, according to plaintiff, was a state statutory claim, not a federal claim.

In February 2002, plaintiff filed Doe amendments adding police dispatchers Liz Nutte and Graham Hendrickson as Doe defendants.

On July 3, 2002, defendants filed a motion for summary judgment or, alternatively, for summary adjudication on the grounds plaintiff had stipulated there was probable cause for her arrest and defendants were immune from liability. Plaintiff opposed the motion and, following a hearing on the motion, the trial court granted defendants summary judgment based on the probable cause stipulation and governmental immunity.

B. Procedural Issues[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[4] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].
[*]See footnote, *ante*, page 934.

### C. *Meeting Summary Judgment Burden of Proof*

Plaintiff contends defendants failed to meet their initial burden of showing that each of plaintiff's 10 causes of action has no merit or that there is a complete defense.

#### 1. *Summary Judgment Standard of Review*

On appeal from a summary judgment entered in favor of the defendant, we review the trial court's decision de novo, applying the rule that a defendant is entitled to summary judgment if the record establishes as a matter of law that either none of the plaintiff's asserted causes of action can prevail or the plaintiff cannot establish one or more elements.[16]

"The first step of the review begins with an analysis of the pleadings, because '[t]he pleadings define the issues to be considered on a motion for summary judgment.' [Citation.] We next evaluate the moving defendant's effort to meet its burden of showing that plaintiff's cause of action has no merit or that there is a complete defense to it. Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to its complaint. If the filings in opposition raise triable issues of material fact the motion must be denied; if they do not, the motion must be granted[.] [Citations.]"[17] "An 'assertion . . . based solely on conjecture and speculation' is insufficient to avoid summary judgment. [Citations.]"[18]

#### 2. *Probable Cause Stipulation*

The trial court granted summary judgment as to the first, second, and eighth causes of action on the ground it was undisputed probable cause existed for plaintiff's arrest. The court also granted summary judgment as to the first and second causes of action on the ground defendants were immune from liability under Penal Code section 836.5, subdivision (b).

In the criminal proceeding, plaintiff stipulated there was probable cause for Officer Echevarria to stop and arrest her. The undisputed existence of probable

---

[16] *Miscione v. Barton Development Co.* (1997) 52 Cal.App.4th 1320, 1324–1325 [61 Cal.Rptr.2d 280]; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 [107 Cal.Rptr.2d 841, 24 P.3d 493]; section 437c, subdivision (o)(2).

[17] *Miscione v. Barton Development Co., supra,* 52 Cal.App.4th at page 1325; see also *Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at page 850.

[18] *Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1466 [55 Cal.Rptr.2d 415], quoting *Burton v. Security Pacific Nat. Bank* (1988) 197 Cal.App.3d 972, 978 [243 Cal.Rptr. 277].

cause defeats plaintiff's first, second, and eighth causes of action for false arrest/imprisonment, battery for arresting and handcuffing plaintiff, and negligent arrest without probable cause in violation of Penal Code section 836, subdivision (a)(3).

### (a) Construing the Probable Cause Stipulation

Plaintiff argues the stipulation does not establish probable cause for the stop and arrest because the stipulation states there was probable cause "on the counts as charged," and she was never charged with a felony. Although she was initially arrested for assault with a deadly weapon, a felony, the charges ultimately filed against her were for the misdemeanor offenses of reckless driving[19] and hit and run.[20]

Plaintiff asserts that Echevarria did not observe plaintiff committing the charged offenses, and under Penal Code section 836.5, subdivision (a), a peace officer cannot lawfully arrest an individual for a misdemeanor offense unless the offense is committed in the officer's presence.

But plaintiff was stopped and arrested for assault with a deadly weapon, a felony, and Penal Code section 836, subdivision (a) provides: "A peace officer may arrest a person . . . whenever any of the following circumstances occur: [¶] (1) The officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence. [¶] (2) The person arrested has committed a felony, although not in the officer's presence. [¶] (3) The officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed."

Plaintiff contends she only stipulated there was probable cause to arrest her for the misdemeanors but not for the felony. She then asserts there could not be probable cause for the misdemeanors under Penal Code section 836.5 because Echevarria was not present during the misdemeanor offenses. But the fact of the matter is plaintiff stipulated there was probable cause for Echevarria stopping and arresting her.

Plaintiff attempts to circumvent the clear meaning and intent of the stipulation to avoid its undesirable consequences by arguing that her criminal attorney, Victor Palacios, added the words, "crimes as charged," with the intent of preventing the stipulation from precluding plaintiff from proceeding with the instant lawsuit. But we find no ambiguity in the stipulation. It clearly

[19] Vehicle Code section 23103.
[20] Vehicle Code section 20002, subdivision (a).

states plaintiff stipulated there was probable cause for stopping and arresting plaintiff. Any interpretation to the contrary on the part of plaintiff and her attorneys was subjective and unreasonable. Limiting the probable cause stipulation, as plaintiff argues, would render the stipulation virtually meaningless.

While plaintiff may have intended such a consequence, "A party's subjective intent cannot be used to create an ambiguity or a material factual issue. '[E]vidence of the undisclosed subjective intent of the parties is irrelevant to determining the meaning of contractual language.' [Citation.]"[21] Plaintiff and her attorneys' subjective expectations as to the stipulation not encompassing probable cause at issue in the instant case are irrelevant.

Even if this court considers plaintiff's extrinsic evidence in construing the stipulation, we conclude there is no triable issue. Plaintiff's proffered extrinsic evidence does not establish the stipulation is reasonably susceptible of any meaning other than that there was probable cause to stop and arrest plaintiff, regardless of what the ultimately filed charges were.

Plaintiff and her attorneys' undisclosed subjective intent to circumvent the stipulation by adding the words, "crimes as charged," does not defeat the plain language of the stipulation admitting the existence of probable cause. The term, "charge," as defined in the dictionary, means "to accuse of wrongdoing."[22] It is undisputed plaintiff was initially accused of committing assault with a deadly weapon, although the district attorney ultimately did not file that charge against her. We conclude that by stipulating to probable cause, plaintiff admitted Echevarria had probable cause to stop and arrest her.

(b) *Voluntariness of Stipulation*

Plaintiff argues the stipulation is illegal and invalid because she did not freely and voluntarily sign it. She claims defendants and her attorneys coerced her into stipulating to probable cause. Her attorneys pressured her to authorize the stipulation and defendants used the stipulation as an unlawful ruse to avoid liability in plaintiff's pending civil case against them. Plaintiff complains that the prosecutor coerced her into stipulating to probable cause by agreeing to dismiss the misdemeanor charges in return for her stipulation.

---

[21] *Havstad v. Fidelity National Title Ins. Co.* (1997) 58 Cal.App.4th 654, 661 [68 Cal.Rptr.2d 487], quoting *Winet v. Price* (1992) 4 Cal.App.4th 1159, 1166, footnote 3 [6 Cal.Rptr.2d 554].

[22] Webster's New World Dictionary (3d college ed. 1988), page 236.

Under similar circumstances in *Leonard v. City of Los Angeles*,[23] the plaintiff in a civil false imprisonment lawsuit, stipulated there was probable cause for his arrest for committing a misdemeanor property offense. Thereafter, upon the district attorney's recommendation, the court dismissed the misdemeanor charge. The *Leonard* court reversed the trial court's holding that the probable cause stipulation was invalid and not binding in the civil action.[24] The *Leonard* court explained that "When a proposed stipulation is accepted by the other side, such stipulation becomes binding upon the court so long as it is not illegal or contrary to public policy."[25]

Recognizing that the stipulation undoubtedly was solicited and made in order to foreclose the civil suit, the *Leonard* court noted that it was not concerned with the stipulation's purpose "but with the right of the parties to make such a stipulation and its binding effect upon the trial court in the civil case."[26]

The *Leonard* court indicated there was no impropriety nor was the stipulation invalid simply because it was solicited for the purpose of foreclosing the defendant in a criminal matter from bringing a civil action against those involved in the criminal case. The parties to the stipulation had the right to enter into such a stipulation so long as the stipulation was not against public policy.[27]

Likewise, here, the probable cause stipulation is valid and binding in the instant civil action. Plaintiff argues that under *Leonard v. City of Los Angeles*,[28] the stipulation is unenforceable and inadmissible because it is against public policy based on Evidence Code sections 1152, 1153, and 1153.5. None of those provisions are relevant.

Evidence Code section 1152 provides that offers to compromise and statements made during settlement negotiations are inadmissible. The stipulation is not a compromise *offer* or a statement made in settlement negotiations. It is a fully executed stipulation, admitting probable cause.

Evidence Code section 1153 provides that evidence of *withdrawn* guilty pleas and *offers* to plead guilty are inadmissible. This provision is also irrelevant because the stipulation is not a withdrawn guilty plea or offer to

---

[23] *Leonard v. City of Los Angeles* (1973) 31 Cal.App.3d 473 [107 Cal.Rptr. 378].

[24] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 479; see also *Hoines v. Barney's Club, Inc.* (1980) 28 Cal.3d 603, 609 [170 Cal.Rptr. 42, 620 P.2d 628].

[25] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 477.

[26] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 477.

[27] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 477.

[28] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 477.

plead guilty. Finally, Evidence Code section 1153.5 is inapplicable since it pertains to offers and admissions made during negotiations for civil resolution of crimes against property, such as arson. This provision is inapplicable to an executed probable cause stipulation.

In *Hoines v. Barney's Club, Inc.*,[29] the California Supreme Court held that a release of civil liability, as well as a stipulation of probable cause for arrest, does not contravene public policy when the prosecutor procures such a release or stipulation in the interests of justice, without coercion.[30] According to *Hoines*, "the time honored practice of discharging misdemeanants on condition of a release of civil liabilities or stipulation of probable cause for arrest, does not contravene public policy when the prosecutor acts in the interests of justice."[31]

The *Hoines* court concluded the stipulation was not coerced for a number of reasons, including the plaintiff was well informed of the law; the plaintiff signed the release knowing its import, meaning and effect; the state lacked a keen interest in pursuing a jury trial on a misdemeanor charge although there was probable cause; the release furthered fairness to other concerned parties who had acted on such probable cause; the plaintiff was at liberty on bail and had the right to trial at his option; and the plaintiff "exercised a free will in electing to release all parties from potential civil damages in order to avoid a trial exposing him to criminal liability involving the very issues he now raises."[32]

The *Leonard* court also concluded there was no evidence of coercion because, "[I]n respect to any claimed coercion, the trial court specifically found that plaintiff authorized the stipulation 'after consulting his attorney and being informed of all the consequences.' "[33]

For many of the same reasons enumerated in *Hoines* and *Leonard*, we conclude it is undisputed plaintiff was not coerced into stipulating to probable cause and plaintiff has not sufficiently established that additional discovery might disclose coercion, unlawful collusion, or conspiracy between the defendants. At the time plaintiff entered into the stipulation, she was represented by both a civil and criminal attorney, both of whom discussed with her the ramifications of the stipulation and recommended she sign it. Plaintiff complains that she was pressured into authorizing the stipulation by her own attorneys, one of whom was her husband. But certainly this does not

---

[29] *Hoines v. Barney's Club, Inc., supra,* 28 Cal.3d 603.

[30] *Hoines v. Barney's Club, Inc., supra,* 28 Cal.3d at pages 609–610, 613–614.

[31] *Hoines v. Barney's Club, Inc., supra,* 28 Cal.3d at pages 613–614.

[32] *Hoines v. Barney's Club, Inc., supra,* 28 Cal.3d at page 609.

[33] *Leonard v. City of Los Angeles, supra,* 31 Cal.App.3d at page 479.

constitute grounds for nullifying a stipulation. If she received bad advice and or feels her attorneys inappropriately persuaded her to authorize the stipulation, she has other avenues of relief.

Plaintiff cites *MacDonald v. Musick*[34] and the *Hoines* dissent for the proposition that the probable cause stipulation is illegal and invalid because it conditions dismissal of criminal charges on waiver of plaintiff's related civil claims against defendants. The *Hoines* dissent, of course is not binding precedent,[35] and *MacDonald* is not on point. In distinguishing *MacDonald*, the courts in *Leonard* and *Hoines* note that in *MacDonald* there was no stipulation. The plaintiff refused to sign the probable cause stipulation. Also, there was coercion, which the plaintiff resisted.

### (c) *Judicial Notice*

Plaintiff argues the trial court erred in judicially noticing the probable cause stipulation since it contained inherently unreliable hearsay. This contention is meritless. " 'A trial court may properly take judicial notice of the records of any court of record of any state of the United States. [Citations.] But, as is stated in Jefferson, California Evidence Benchbook (1972) Judicial Notice, section 47.3, at page 840: "Caveat: Limitations on judicial notice of court records. What is meant by taking judicial notice of court records? There exists a mistaken notice that this means taking judicial notice of the existence of facts asserted in every document of a court file, including pleadings and affidavits. However, a court cannot take judicial notice of hearsay allegations as being true, just because they are part of a court record or file." ' "[36]

The stipulation is a court document filed in plaintiff's criminal case, whereby plaintiff and the prosecutor agree to the existence of probable cause and the facts contained in the stipulation. The trial court thus did not abuse its discretion in taking judicial notice of the stipulation as a court document and as to the fact plaintiff admitted there was probable cause to stop and arrest her.[37]

### (d) *Collateral Estoppel*

Plaintiff argues the stipulation does not have collateral estoppel effect in barring plaintiff from litigating the issue of probable cause in this action. Even assuming there is no collateral estoppel effect, the stipulation, entitled

---

[34] *MacDonald v. Musick* (9th Cir. 1970) 425 F.2d 373.

[35] *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].

[36] *In re Tanya F.* (1980) 111 Cal.App.3d 436, 440 [168 Cal.Rptr. 713], italics omitted.

[37] Evidence Code section 452; *In re Tanya F., supra,* 111 Cal.App.3d at page 440.

"Stipulation re: Factual Finding of Probable Cause," is admissible as to plaintiff's admission of probable cause to stop and arrest her.

■ Evidence Code section 1220 provides: "Evidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity." A stipulation in one proceeding may be binding in a proceeding subsequent to the one in which the stipulation is entered.[38]

■ Here, plaintiff failed to provide any evidence, or the likelihood of discovering any evidence, that the probable cause stipulation was inadvertently, involuntarily or unknowingly made, or was unauthorized by her or made under coercion or due to fraud. The evidence shows she was represented by two attorneys when she entered into the stipulation and was fully apprised of the underlying facts. She voluntarily authorized the stipulation, as recommended by her attorneys. Furthermore, plaintiff did not move to set aside the stipulation when defendants moved for summary judgment based on the stipulation. Under these circumstances, we conclude that the probable cause stipulation was admissible as an admission under Evidence Code section 1220.

Plaintiff argues that even if the stipulation is admissible, it only defeats the first cause of action for false arrest/imprisonment. We disagree. Summary judgment is also appropriate as to the second cause of action for battery and the eighth cause of action for negligence since a finding of the absence of probable cause to stop and arrest plaintiff is a prerequisite to both claims.[39]

As noted by the United States Supreme Court in *Pierson v. Ray*,[40] "Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. [Citations.] A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does."[41] There being irrefutable probable cause for plaintiff's arrest, the trial court properly granted summary judgment as to the first cause of action

---

[38] *Leonard v. Los Angeles, supra,* 31 Cal.App.3d at pages 477, 479; *Hoines v. Barney's Club, Inc., supra,* 28 Cal.4th at page 609; *Nungaray v. Pleasant Valley etc. Assn.* (1956) 142 Cal.App.2d 653, 667 [300 P.2d 285]; *People v. Washington* (1982) 131 Cal.App.3d 434, 438, footnote 2 [186 Cal.Rptr. 3]; *Gonzales v. Pacific Greyhound Lines* (1950) 34 Cal.2d 749, 754–755 [214 P.2d 809].

[39] See Penal Code sections 836, subdivision (a) and 836.5, subdivision (b), and Government Code section 820.4.

[40] *Pierson v. Ray* (1967) 386 U.S. 547, 555 [18 L.Ed.2d 288, 87 S.Ct. 1213].

[41] *Pierson v. Ray, supra,* 386 U.S. at page 555 [18 L.Ed.2d 288, 295, 87 S.Ct. 1213], overruled on other grounds *Harlow v. Fitzgerald* (1982) 457 U.S. 800 [73 L.Ed.2d 396, 102

for false arrest/imprisonment, as well as the second cause of action for battery and eighth cause of action for negligent failure to perform mandatory duties.

D.–E.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. ATTORNEY FEES AND COSTS APPEAL

After the trial court entered summary judgment against plaintiff and plaintiff filed a notice of appeal, defendants filed a motion for attorney fees and costs under Code of Civil Procedure sections 128.5, 1021.7, and 1038. At the initial hearing on the motion, plaintiff orally argued the court did not have jurisdiction to hear the motion because proceedings were stayed due to plaintiff's pending summary judgment appeal. The trial court requested briefing on the jurisdiction issue.

After the parties briefed the issue and the court heard oral argument, the trial court concluded it had jurisdiction and set a hearing on the motion. Plaintiff filed an additional opposition brief. Following oral argument on the motion, the trial court awarded defendants their fees and costs under section 1021.7 on the ground plaintiff's action was not maintained with reasonable cause. Plaintiff filed a second appeal challenging the award of fees and costs.

A.–B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Fees and Costs Under Code of Civil Procedure Section 1021.7*

Plaintiff contends the trial court abused its discretion in awarding defendants attorney fees and costs under Code of Civil Procedure section 1021.7 by relying on an incorrect standard in awarding fees and costs. Plaintiff argues the court misconstrued section 1021.7 in the disjunctive as allowing fees upon a finding that plaintiff failed to bring her action in good faith or, alternatively, lacked reasonable cause in bringing her action. Plaintiff claims that under section 1021.7 there must be a finding of both a lack of good faith and reasonable cause.[70]

During the hearing on defendants' motion for attorney fees and costs (motion for fees), the court stated, "I am going to grant the motion for

---

S.Ct. 2727]; see also *Giannis v. City & County of San Francisco* (1978) 78 Cal.App.3d 219 [144 Cal.Rptr. 145].

*See footnote, *ante*, page 934.

[70] *Carroll v. State of California* (1990) 217 Cal.App.3d 134, 140, 141 [265 Cal.Rptr. 753]; further unspecified section references are to the Code of Civil Procedure.

attorney's fees under CCP 1021.7 and find that plaintiff did not have reasonable cause to maintain this action once the stipulation for probable cause was signed." The attorney fees and costs judgment merely states the court granted fees pursuant to section 1021.7.

Section 1021.7 provides: "In any action for damages arising out of the performance of a peace officer's duties, brought against a peace officer . . . , or against a public entity employing a peace officer or in an action for libel or slander . . . , the court may, in its discretion, award reasonable attorney's fees to the defendant or defendants as part of the costs, *upon a finding by the court that the action was not filed or maintained in good faith and with reasonable cause.*" (Italics added.)

As plaintiff notes, the language in section 1021.7 regarding good faith and reasonable cause is analogous to that in section 1038, which also provides for recovery of defense costs by peace officers. Section 1038 provides in relevant part, "In any civil proceeding under the California Tort Claims Act . . . , the court, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment, . . . *determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief* that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . ." (Italics added.)

While there appears to be no case law construing "good faith" and "reasonable cause" within the meaning of section 1021.7, the court in *Carroll v. State of California,*[71] construes such language as to section 1038, and such construction is applicable here since sections 1021.7 and 1038 use the same terms within similar contexts.

In *Carroll,* the court explained that to recover defense costs under section 1038, the defendant must establish that the plaintiff brought the action without good faith or reasonable cause.[72] "A tort action may not be brought unless both conditions are met. [Citation.] This requirement encompasses not only the filing of an action, but also its continued maintenance."[73]

■ While both conditions must exist to bring an action, the absence of either condition is sufficient grounds for awarding fees under sections 1038 and 1021.7.[74]

---

[71] *Carroll v. State of California, supra,* 217 Cal.App.3d 134.

[72] *Carroll v. State of California, supra,* 217 Cal.App.3d at pages 140, 141.

[73] *Carroll v. State of California, supra,* 217 Cal.App.3d at page 140.

[74] *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 860 [80 Cal.Rptr.2d 803, 968 P.2d 514]; *Gamble v. Los Angeles Dept. of Water & Power* (2002) 97 Cal.App.4th 253, 259 [118 Cal.Rptr.2d 271].

Plaintiff argues there was insufficient evidence to support findings of an absence of either good faith or reasonable cause. In *Carroll* the court discussed the meaning of both terms. In defining "good faith," the *Carroll* court explained: "The term 'good faith' defies precise definition. [Citation.] '[It] is a question of fact in each case.' [Citation.] Encompassed within the legal definition of 'good faith' is the equitable principle of fairness. [Citation.]"[75]

In defining "reasonable cause," the *Carroll* stated: "We believe the terms 'reasonable cause' and 'probable cause' to be synonymous. [Citation.] 'Reasonable cause' is defined as '. . . whether any reasonable attorney would have thought the claim tenable . . . .' [Citation.]"[76] "The definition of the probable cause element is an objective standard determining '. . . the defendant's belief in, or knowledge of, a given state of facts, and not . . . the defendant's belief in, or evaluation of, the legal merits of the claim.' [Citation.] [¶] Stated another way, 'when . . . the facts known by the attorney are not in dispute, the probable cause issue is properly determined by the trial court under an objective standard; it does not include a determination whether the attorney subjectively believed that the . . . claim was legally tenable. [Citations.]' [Citation.] . . . [¶] . . . [¶] At the minimum, this term requires that the Plaintiffs' attorney have some articulable fact or facts to conclude that a particular person or entity should be initially included in the lawsuit as a party-defendant."[77]

▪ In the instant case we find nothing in the record upon which plaintiff could base a good faith belief or reasonable cause to continue her action against defendants once she stipulated there was good cause to arrest her. Plaintiff argues, as to good faith, that there is nothing in the record reflecting her subjective state of mind and therefore no evidence she acted in bad faith. But the fact that, after signing a probable cause stipulation, plaintiff continued to pursue her lawsuit even though it was clearly groundless, and plaintiff knew the purpose of the stipulation was to preclude such litigation, is sufficient to support a reasonable finding that the lawsuit was maintained in bad faith and without reasonable cause.

Furthermore, defendants' attorney suggested to Mr. Salazar that plaintiff's case was groundless in a letter noting the probable cause stipulation and requesting plaintiff to explain how she intended to prove her case in light of such a stipulation. There was no response to defense counsel's letter.

We conclude there was sufficient evidence of lack of reasonable cause and good faith for continuing plaintiff's lawsuit after she signed the probable

---

[75] *Carroll v. State of California, supra,* 217 Cal.App.3d at page 141.

[76] *Carroll v. State of California, supra,* 217 Cal.App.3d at page 141.

[77] *Carroll v. State of California, supra,* 217 Cal.App.3d at page 142, italics omitted.

cause stipulation. As to those causes of actions that were not affected by the stipulation, governmental immunities applied which rendered the claims clearly meritless from their inception.

Plaintiff argues the trial court abused its discretion by granting defendants' motion for fees based on the existence of the probable cause stipulation since a copy of the stipulation was not included in any of the motion papers and the notice of motion did not cite the stipulation as evidence relied upon in the motion. We consider these arguments meritless since the parties adequately discussed the stipulation in detail throughout their motion papers and the stipulation was in the court file along with the summary judgment motion papers. Furthermore, plaintiff waived the objection by not raising such objection in the trial court.[78]

Plaintiff argues the probable cause stipulation is invalid because a stipulation to settle under section 664.6 must be signed by the party and plaintiff did not personally sign the stipulation. But the stipulation is not a stipulation settling a lawsuit or claim.

Furthermore, plaintiff's husband, acting as plaintiff's attorney, signed the stipulation on plaintiff's behalf, in plaintiff's presence, in court, and there is ample evidence in the record that plaintiff authorized him to do so and represented to the court and prosecutor that she had so stipulated.[79] In addition, plaintiff did not raise any objection in the lower court that she did not personally sign the stipulation and therefore the objection is waived on appeal.[80]

Plaintiff's other arguments challenging the validity of the probable cause stipulation are addressed and have been rejected in this opinion in connection with plaintiff's summary judgment appeal.

D. *First Amendment Right to Petition for Legal Redress**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[78] *People v. Raley* (1992) 2 Cal.4th 870, 892 [8 Cal.Rptr.2d 678, 830 P.2d 712]; *People v. Saunders* (1993) 5 Cal.4th 580, 589–590 [20 Cal.Rptr.2d 638, 853 P.2d 1093].

[79] *People v. Williams* (1963) 220 Cal.App.2d 108, 115 [33 Cal.Rptr. 765].

[80] *People v. Raley, supra,* 2 Cal.4th at page 892; *People v. Saunders, supra,* 5 Cal.4th at pages 589–590.

*See footnote, *ante*, page 934.

## III. DISPOSITION

Summary judgment is affirmed as to defendants City of Upland, Upland Police Department, Jeff Mendenhall, Liz Nutte, and Graham Hendrickson.

Summary judgment is reversed as to defendant officers Echevarria, Lines, Adams, and Thouvenell. As to these four defendants, we remand this action with directions to the trial court to vacate its order granting summary judgment and enter a new order granting summary adjudication as to each cause of action, with the exception of the seventh cause of action, in which summary adjudication shall be denied..

The trial court's order awarding fees and costs under section 1021.7 to the City of Upland, Upland Police Department, Jeff Mendenhall, Liz Nutte, and Graham Hendrickson is affirmed.

Since summary judgment is reversed as to officers Echevarria, Lines, Adams, and Thouvenell, and this action remains pending as to them, the trial court is instructed to vacate its order awarding fees and costs as to officers Echevarria, Lines, Adams, and Thouvenell. This does not preclude the trial court from awarding attorney fees and costs to these defendants upon resolution of plaintiff's action against them.

Defendants are awarded their costs on appeal.

Ramirez, P. J., and Ward, J., concurred.

A petition for a rehearing was denied April 1, 2004, and appellant's petition for review by the Supreme Court was denied June 23, 2004.