Filed 4/4/13  Marriage of Patterson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of STEVEN and KELLEE R. PATTERSON. | |
| STEVEN PATTERSON, | F064797 |
| Respondent, | (Super. Ct. No. S-1501-FL-595369) |
| v. | |
| KELLEE R. PATTERSON, | **OPINION** |
| Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Susan M. Gill, Judge.

Law Offices of Michael G. York and Michael G. York for Appellant.

The Law Office of Paige Etcheverry-Barnes and Paige Etcheverry-Barnes for Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Poochigian, J.

In connection with a marital dissolution action, respondent, Steven Patterson (Husband), filed an order to show cause requesting that he be awarded exclusive use and possession of the house he purchased before the marriage. Appellant, Kellee R. Patterson (Wife), responded that Husband was not entitled to retain possession of the property because (1) he stipulated that he would surrender possession of the house unless he prevailed at the trial of a separate civil action; and (2) that the separate civil action had been dismissed.

The family law court granted Husband exclusive use and possession of the house. The court found that the stipulation was no longer valid and that Husband should remain in possession of the house in order to maintain the status quo.

Wife challenges this order on the ground that Husband was bound by his stipulation to surrender possession of the house. According to Wife, the stipulation in the separate civil action was binding on the court in the dissolution action and therefore the family law court erred in not enforcing the stipulation.

The family law court did not err as the issues are yet to be resolved by that court. The order will be affirmed.

## BACKGROUND

In his application for the order for exclusive use and possession, Husband filed a declaration in support of his request. Husband declared that he had lived in the house since it was purchased in 1990. Husband and Wife were married in 1999. Husband explained that he and Wife agreed to the terms of a marital settlement agreement that included child support. According to Husband, he signed a promissory note in favor of Wife securing the child support obligation.[1] However, the parties did not sign the marital

---

[1] At the time of the parties' separation, the two minor children were living with their grandparents in Idaho under a guardianship. Wife's response to the dissolution petition stated that there were no minor children.

settlement agreement and it never became an order of the court. Husband declared that Wife then signed over title to her attorney, Michael York, and that York claims he is the owner of the house.

In response, Wife set forth a somewhat different version of the facts supported by York's declaration. According to Wife and York, in addition to the promissory note, Husband signed a deed of trust on the house in favor of Wife. Thereafter, title to the note and deed of trust were transferred to York. When Husband did not make the payments on the note, York proceeded with foreclosure, a foreclosure sale was conducted, and York acquired title to the property. York then filed an unlawful detainer action against Husband. In response, Husband requested a preliminary injunction against the foreclosure. Husband's request was denied on the ground that the court lacked sufficient evidence to make the necessary findings. Husband next filed a separate civil action against Wife seeking an injunction against the foreclosure and claiming that the foreclosure was improper. Husband's motion for a preliminary injunction in this separate civil case was denied. York declared that the parties then entered a stipulation in the separate civil action wherein they agreed that Husband would deliver possession of the house to York no later than April 2, 2009, "unless prior to that date [Husband] in this action prevails at a trial of this action" and York agreed to dismiss his unlawful detainer action. York further declared that the separate civil action proceeded to trial and Husband did not prevail. Therefore, York claimed, he was entitled to enforce the stipulation.

The family law court granted Husband's request for exclusive use and possession of the house. The court concluded that, because the separate civil action had been dismissed and the question of the ownership of the house was to be determined in the dissolution action, the stipulation made in the separate civil action was no longer valid. The court also wanted to maintain the status quo.

3.

## DISCUSSION

Wife argues that Husband's stipulation given in the separate civil action was binding on the court in the dissolution action and therefore the trial court erred in disregarding the stipulation. Wife cites the rule that, as long as the stipulation is neither contrary to law nor against public policy, the stipulation entered into in one proceeding is binding in another proceeding. (*Salazar v. Upland Police Dept.* (2004) 116 Cal.App.4th 934, 944.) Wife has correctly stated the general law. However, because the conditions of the stipulation were not satisfied, the family law court properly refused to enforce it.

In January 2009, Husband agreed, through his attorney, that he would surrender possession of the property not later than April 2, 2009, "unless prior to that date [Husband] in this action prevails at a trial of this action." This wording implies that the parties conditioned their agreement on several events taking place. It is clear that the parties assumed that: the court had jurisdiction to determine the issues in Husband's separate civil action, i.e., whether the note and deed of trust and the foreclosure were valid; a trial would take place; and either York or Husband would prevail. However, in June 2009, the court dismissed Husband's separate civil action as follows:

> "Plaintiff complaint is dismissed without prejudice to pursue the matter in the family law case. The family law court has exclusive continuing jurisdiction over this matter. The claim raised in this civil action is one of support. The transaction which occurred would not have occurred outside of the family law context. It is well established that when a dissolution proceeding is pending, neither party to that proceeding may file a civil action concerning interim support orders issued in the dissolution proceeding. This same rule also applies to tort actions which are based on conduct which took place during the dissolution proceedings.…"

Thus, contrary to York's declaration in response to Husband's order to show cause, the separate action did not proceed to trial. Further, no one has prevailed on this matter. The issue of the validity of the note and deed of trust has yet to be decided.

4.

Under these circumstances, the family law court did not err in refusing to enforce the stipulation.

## DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.